[Cite as *State v. Murphy*, 2012-Ohio-2924.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97459**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOVAUGHN MURPHY

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-543715

**BEFORE:** Jones, P.J., Cooney, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** June 28, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY: Nathaniel McDonald
Assistant County Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Melissa Riley
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Jovaughn Murphy, appeals from the trial court's October 3, 2011 entry sentencing him to one year of community control sanctions. We reverse and remand.

## I. Procedural History and Facts

{¶2} In July 2010, a complaint was filed in juvenile court against Murphy. The complaint charged aggravated robbery with one- and three-year firearm specifications, alleged to have been committed when Murphy was 17 years old. In November 2010, the case was transferred to adult court. The bindover to adult court was mandatory because of the nature of the charge and allegation of the use of a firearm. *See* R.C. 2152.10 and 2152.02(CC).[1] Murphy was thereafter charged in adult court with kidnapping, aggravated robbery, theft of a motor vehicle, and having weapons while under disability. All the charges contained one- and three-year firearm specifications. The case was tried to a jury, with the exception of the having weapons while under disability charge, which was tried to the court.

{¶3} The following facts were elicited at trial. The incident occurred on May 31, 2010, which was Memorial Day. Two witnesses testified for the state: Adam Navedo and Joshua Ocana. Navedo and Ocana testified that they were at Ocana's house for a

---

[1]Under R.C. 2152.02(CC)(1), aggravated robbery is a "category two" offense. R.C. 2152.10(A)(2)(b) provides for mandatory bindover if a child is (1) charged with a category two offense, (2) 16 years or older at the time he committed the offense, and (3) alleged to have had a firearm and displayed, brandished, indicated possession of, or used it to facilitate the crime.

cookout. According to Navedo, he had driven his sister's Dodge Magnum to the cookout. He and Ocana were sitting on the porch when Murphy approached them, pointed a gun at them, and ordered Navedo to give up his wallet and car keys, which he did. Murphy took the items and drove off in Navedo's sister's car.

{¶4} According to Ocana, Murphy came to the cookout because he wanted something to drink. Ocana gave Murphy a drink, Murphy left, but then returned 30 minutes later with a gun. Murphy ordered Navedo to give him his car keys, which Navedo did. Murphy then drove off in Navedo's sister's car.

{¶5} Murphy testified that he knew Ocana and had arranged to purchase marijuana from him. When he arrived at Ocana's house, he saw Ocana and Navedo on the front porch, approached them, and Navedo sold him $20 worth of marijuana. However, Murphy confronted Navedo because he felt that he had been "short-changed," and the two argued. Eventually, Navedo and Ocana went inside the house and Murphy saw that Navedo had left the keys to the Magnum on a chair. Murphy testified that he knew the keys were for the Magnum because Navedo frequently drove the Magnum around the neighborhood and the keys had a Dodge Magnum insignia on them. Murphy admitted that he drove off in the Magnum, but denied having a gun or threatening Navedo and Ocana.

{¶6} On this testimony, the kidnapping count was dismissed pursuant to Murphy's Crim.R. 29 motion. The jury found Murphy guilty of theft of a motor vehicle, but not guilty of the firearm specifications. The jury also found Murphy not guilty of

aggravated robbery. The court found Murphy not guilty of having weapons while under disability. On September 30, 2011, the court sentenced Murphy to one year of community control sanctions.

{¶7} Murphy raises two assignments of error for our review:

[I.] The trial court erred when it imposed an active adult sentence on September 30, 2011 without regard to Mr. Murphy's entitlement to a stayed adult sentence and remand to juvenile court for proceedings consistent with R.C. 2152.121.

[II.] Mr. Murphy's counsel was ineffective for failing to raise R.C. 2152.121 at the September 30, 2011 sentencing hearing.

II. Law and Analysis

{¶8} At issue in this appeal is whether R.C. 2152.121, newly enacted under House Bill 86 ("H.B. 86"), and effective on September 30, 2011, the day Murphy was sentenced, applies to this case. Murphy contends that it does; the state contends that it does not.

{¶9} H.B. 86 states that a purpose of R.C. 2152.121 is to "establish a new mechanism, which may involve transfer back to a juvenile court, for determining the sanction for certain children who are convicted of a crime in criminal court after their case is transferred under a specified mandatory transfer provision[.]" Under R.C. 2152.121(B), if (1) a complaint is filed against a juvenile alleging delinquency, (2) the case is transferred to adult court under the mandatory requirement of R.C. 2152.12(A)(1)(b)(ii), and (3) the child is subsequently convicted or pleads guilty to an offense in the case, then R.C. 2152.121(B) applies for the purpose of sentencing. All of the conditions under R.C. 2152.121(B) were met here. R.C. 2152.121(B) therefore

applies to this case.

{¶10} Under R.C. 2152.121(B)(3), the sentence to be imposed or disposition to be made "shall" be determined as follows:

> (3) If the court in which the child is convicted of or pleads guilty to the offense determines under division (B)(1) of this section that, had a complaint been filed in juvenile court alleging that the child was a delinquent child for committing an act that would be that offense if committed by an adult, division (A) of section 2152.12 of the Revised Code would not have required mandatory transfer of the case but division (B) of that section would have allowed discretionary transfer of the case, *the court shall determine the sentence it believes should be imposed upon the child under Chapter 2929 of the Revised Code, shall impose that sentence upon the child, and shall stay that sentence pending completion of the procedures specified in this division.* Upon imposition and staying of the sentence, the court *shall transfer jurisdiction of the case back to the juvenile court* that initially transferred the case and the juvenile court shall proceed in accordance with this division. * * *

(Emphasis added.)

{¶11} Murphy was convicted of one offense, theft, which, had that been the only offense he was charged with, would not have been subject to mandatory bindover. *See* R.C. 2152.12(A). The charge could have been subject to discretionary bindover. *See* R.C. 2152.12(B). Had Murphy been charged with only theft, bound over to adult court, and convicted under R.C. 2152.121(B)(3), the trial court would have been required to stay the adult sentence and transfer jurisdiction back to the juvenile court for proceedings

{¶12} In support of its position that the statute is not applicable here, the state contends that in enacting H.B. 86, the Ohio Legislature "addressed [the] issue of who

could benefit from sentencing changes." According to the state,

> [f]or offenses involving marijuana, cocaine, or hashish, the changes apply to a person "who commits an offense * * * on or after the effective date of this act and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable."[2]

{¶13} This case does not involve marijuana, cocaine, or hashish, and therefore, the state's reliance on the above proposition is misplaced. Further, R.C. 1.58(B) does not directly address this situation.[3] That section provides as follows: "If the penalty, forfeiture, or punishment for any offense is reduced by a *reenactment or amendment* of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as *amended*." (Emphasis added.) R.C. 2152.121 is neither a reenactment nor an amendment of a statute; rather, it is a newly created statute.

{¶14} The state also contends that R.C. 2152.121 "does not affect sentencing; it is a purely procedural issue concerning which court shall have jurisdiction." We disagree. The very language of the statute demonstrates that it is a sentencing statute. Moreover, juvenile offenders are generally treated differently than adult offenders because the objectives of the juvenile justice system differ from those of the adult criminal justice system. In terms of adult sentencing, the

> overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes

---

[2]P. 4 of state's brief. The state does not cite what authority it is quoting.

[3]Murphy also cites R.C. 1.58 in support of his position, contending that the potential penalty he faced was reduced by the new statute.

without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A).

**{¶15}** On the other hand, for juvenile dispositions, the:

overriding purposes * * * are to provide for the care, protection, and mental and physical development of children subject to this chapter, protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim, and rehabilitate the offender. These purposes shall be achieved by a system of graduated sanctions and services.

R.C. 2152.01(A).

**{¶16}** The distinctions in the purposes of sentencing between the adult criminal justice system and the juvenile criminal justice system are more than just "procedural." On the day Murphy was sentenced, September 30, 2011, R.C. 2152.121, titled "retention of jurisdiction by juvenile court for purposes of making disposition of child," took effect. Murphy met the qualifications of the statute, and the trial court, therefore, should have applied the statute to him. Murphy's first assignment of error is sustained.

**{¶17}** In his second assignment of error, Murphy contends that his counsel was ineffective for not raising R.C. 2152.121 at sentencing. We disagree.

**{¶18}** To establish an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989).

**{¶19}** *Strickland* places the burden of proving ineffective assistance of counsel on

the defendant. *Id.* at 687. It also requires a reviewing court to strongly presume that defense counsel adequately represented his client's interests. *Id.* at 690; *see also Vaughn v. Maxwell*, 2 Ohio St.2d 299, 301, 209 N.E.2d 164 (1965) (properly licensed attorney presumed competent). "The fundamental consideration in discerning a *Strickland* violation is whether defense counsel's performance was such as to raise compelling questions concerning the integrity of the adversarial process." *State v. Malone*, 2d Dist. No. 10564, 1989 WL 150798 (Dec. 13, 1989). Therefore, the "focus is on whether a defendant had access to a fair trial." *Id.*

{¶20} Murphy's counsel did not raise R.C. 2152.121 at sentencing. Although we find that the statute does apply to Murphy, it was newly enacted and took effect the day Murphy was sentenced. On this record, we do not find that counsel's failure to raise the statute was an error "so serious that counsel was not functioning as the 'counsel' guaranteed defendant by the Sixth Amendment * * *."[4] *Strickland* at 687.

{¶21} In light of the above, the second assignment of error is overruled.

{¶22} Judgment reversed and case remanded for the court to stay its sentence and remand to juvenile court pursuant to R.C. 2152.121.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common

---

[4] *See, e.g., State v. Gates*, 8th Dist. No. 78120, 2002-Ohio-4018, ¶21, counsel not ineffective for failing to raise a "developing area" of the law.

pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
MARY EILEEN KILBANE, J., CONCUR