[Cite as *Ohio v. Brookshire*, 2014-Ohio-4858.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY   COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25859 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2013-CR-635/1 |
| v. | : | |
| | : | |
| DELAQUAN BROOKSHIRE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 31st day of October, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

SHERYL TRZASKA, Atty. Reg. #0079915, Office of the Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}     Defendant-appellant Delaquan Brookshire appeals from his conviction and sentence on one count of Aggravated Robbery, with a firearm specification, two counts of Aggravated Robbery, without firearm specifications, and three counts of Kidnapping.   Brookshire contends that the juvenile court erred when it transferred his two cases to adult court, because the mandatory transfer provisions in R.C. 2152.10(A)(2)(b) violate his rights to due process and equal protection and violate the prohibition against cruel and unusual punishment.   Brookshire also contends that the adult court was without authority to sentence Brookshire on five of the six counts to which he pled guilty. Finally, Brookshire contends that he was denied the effective assistance of trial counsel.

{¶ 2}     We conclude that the mandatory transfer provisions of R.C. 2152.10 do not violate Brookshire's rights to due process and equal protection and do not violate the prohibition against cruel and unusual punishment.   We also conclude that the adult court erred in failing to transfer five of the six offenses back to the juvenile court pursuant to R.C. 2152.121 after the adult court found Brookshire guilty of those offenses.   Finally, we conclude that Brookshire failed to prove that he received ineffective assistance of trial counsel.

{¶ 3}     Accordingly, the judgment of the trial court is Reversed, in part, and Affirmed, in part, and this cause is Remanded for further proceedings consistent with this opinion.

## I. Brookshire Confesses That He Was Involved in Robberies
## at Burger King and Penn Station Restaurants

{¶ 4}    On January 9, 2013, men in masks robbed a Burger King fast-food restaurant. On January 20, 2013, men in masks robbed a Penn Station fast-food restaurant.   During the robberies, the masked men held individuals at gunpoint.   The police investigation of the Penn

Station robbery led to interviewing Brookshire as a suspect. Upon questioning, Brookshire admitted to the police that he was involved in the two robberies.

## II. Course of the Proceedings

{¶ 5} Delinquency complaints were filed against Brookshire. The complaint in Montgomery County Juvenile Court Case No. 2013-639 alleged that he had committed offenses that if he were an adult would have constituted one count of Aggravated Robbery and five counts of Kidnapping, all with firearm specifications. This case related to Brookshire's actions in the Burger King robbery. The delinquency complaint in Montgomery County Juvenile Court Case No. 2013-468 alleged that he had committed offenses that if he were an adult would have constituted four counts of Aggravated Robbery and three counts of Kidnapping, all with firearm specifications. This case related to Brookshire's alleged actions in the Penn Station robbery.

{¶ 6} After the delinquency complaints were filed, the State filed a motion to transfer jurisdiction to the General Division of the Common Pleas Court ("adult court") so that Brookshire could be tried as an adult. The juvenile court held a probable cause hearing in order to determine whether transfer to adult court was appropriate pursuant to R.C. 2152.10 and R.C. 2152.12.

{¶ 7} Following the probable cause hearing, the juvenile court found that Brookshire was 17 years old at the time of the charged offenses, the acts alleged in the complaint would be felonies if committed by an adult, and there was probable cause to believe that Brookshire was responsible for committing Aggravated Robbery and Kidnapping in the two robberies. Based on these findings, the juvenile court relinquished its jurisdiction and transferred the cases to the adult

court.

{¶ 8} In March 2013, a Montgomery County Grand Jury indicted Brookshire on one count of Aggravated Robbery and five counts of Kidnapping for Brookshire's alleged actions in the Burger King robbery. Each count had a firearm specification attached to it. The Grand Jury also indicted Brookshire on four counts of Aggravated Robbery and three counts of Kidnapping for Brookshire's alleged actions in the Penn Station robbery. Each count had a firearm specification attached to it.

{¶ 9} Ultimately, Brookshire pled guilty to the following counts: one count of Aggravated Robbery with a firearm specification relating to the Burger King robbery; two counts of Kidnapping relating to the Burger King robbery; two counts of Aggravated Robbery relating to the Penn Station robbery; and one count of Kidnapping relating to the Penn Station robbery. In exchange for his guilty pleas, the remaining counts of the indictment were dismissed. The adult court found Brookshire guilty of these six counts. The court sentenced Brookshire to the following: six years on the Aggravated Robbery count in the Burger King robbery and three years on the firearm specification; five years each on the two Kidnapping counts involving the Burger King robbery; six years each on the two Aggravated Robbery counts involving the Penn Station robbery; and five years on the Kidnapping count involving the Penn Station robbery. The adult court ordered that the three-year sentence on the firearm specification would be served consecutively to the six-year sentence on the Aggravated Robbery sentence. The remaining sentences were ordered to be served concurrently with each other, for a total prison sentence of nine years.

{¶ 10} Brookshire appeals from the adult court's judgment of conviction and sentence.

### III. Brookshire Failed to Establish a Violation of his Right to Due Process, Right to Equal Protection, or the Prohibition Against Cruel and Unusual Punishment

{¶ 11}    Brookshire's first three assignments of error state:

THE JUVENILE COURT ERRED WHEN IT TRANSFERRED DELAQUAN BROOKSHIRE'S CASE TO ADULT COURT BECAUSE THE MANDATORY-TRANSFER PROVISIONS IN R.C. 2152.10(A)(2)(b) AND R.C. 2152.12(A)(1)(b) VIOLATE A CHILD'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION; OHIO CONSTITUTION, ARTICLE I, SECTION 16.

THE JUVENILE COURT ERRED WHEN IT TRANSFERRED DELAQUAN BROOKSHIRE'S CASE TO ADULT COURT BECAUSE THE MANDATORY-TRANSFER PROVISIONS IN R.C. 2152.10(A)(2)(b) AND R.C. 2152.12(A)(1)(b) VIOLATE A CHILD'S RIGHT TO EQUAL PROTECTION AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION; OHIO CONSTITUTION, ARTICLE I, SECTION 2.

THE JUVENILE COURT ERRED WHEN IT TRANSFERRED DELAQUAN BROOKSHIRE'S CASE TO ADULT COURT BECAUSE THE MANDATORY-TRANSFER PROVISIONS IN R.C. 2152.10(A)(2)(b) AND R.C. 2152.12(A)(1)(b) VIOLATE THE PROHIBITION AGAINST CRUEL AND

UNUSUAL PUNISHMENTS AS GUARANTEED BY THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; OHIO CONSTITUTION, ARTICLE I, SECTION 9.

{¶ 12} In *State v. Brookshire*, 2d Dist. Montgomery No. 25853, 2014-Ohio-1971, we addressed identical assignments of error brought by Delaquan's co-defendant in the Penn Station robbery, LV Lavell Brookshire. For the reasons set forth in that opinion, Delaquan Brookshire's first three assignments of error also are without merit. *Id.* at ¶ 26-33. *See also State v. Anderson*, 2d Dist. Montgomery No. 25689, 2014-Ohio-4245, ¶ 62-81.

{¶ 13} Brookshire's First, Second, and Third Assignments of Error are overruled.

**IV. The Adult Court Committed Plain Error By Failing to**

**Follow The Procedures Set Forth in R.C. 2152.121**

{¶ 14} Brookshire's Fourth Assignment of Error states:

THE TRIAL COURT WAS WITHOUT AUTHORITY TO SENTENCE DELAQUAN BROOKSHIRE TO PRISON FOR COUNTS 2, 3, 7, 8, AND 10, BECAUSE THE COURT WAS REQUIRED TO IMPOSE A SENTENCE IN ACCORDANCE WITH R.C. 2152.121 AND REMAND THE MATTER TO THE JUVENILE COURT AFTER IMPOSING A STAYED SENTENCE.

{¶ 15} R.C. 2152.10(A) provides that, under certain circumstances, a juvenile court must transfer cases to adult court for criminal prosecution "as provided in section 2152.12 of the Revised Code." Specifically, R.C. 2152.10(A)(2)(b) states that a delinquent child is eligible for mandatory transfer when the child is charged with a "category two offense," the child was sixteen

years or older at the time of the commission of the offense, and "[t]he child is alleged to have had a firearm on or about the child's person * * * and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged." Category two offenses include Aggravated Robbery and Kidnapping. R.C. 2152.02(CC).

{¶ 16} All of the Aggravated Robbery and Kidnapping charges brought against Brookshire in the juvenile court included firearm specifications, which made Brookshire eligible for mandatory transfer to the adult court. R.C. 2152.10(A)(2)(b). The juvenile court then had to apply R.C. 2152.12(A) to determine whether the cases had to be transferred to the adult court.

{¶ 17} R.C. 2152.12(A)(1)(b)(ii) provides that the juvenile court "shall" transfer the case to the adult court if the child was sixteen or seventeen years of age at the time of the act charged, R.C. 2152.10(A)(2)(b) requires the mandatory transfer of the case, and there is probable cause to believe that the child committed the act charged. At the probable cause hearing, the juvenile court found that these conditions were met and transferred the two cases to adult court.

{¶ 18} But the fact that the juvenile court properly transferred the cases to adult court does not end our analysis. Whether all of the charges were properly transferred from the juvenile court to the adult court is a different question than whether the adult court could subsequently impose sentences on all six of the offenses. R.C. 2152.121(B) governs what the adult court must do once a juvenile has been found guilty of an offense in adult court that previously was transferred from juvenile court.

{¶ 19} R.C. 2152.121(B) provides, in part:

If a complaint is filed against a child alleging that the child is a delinquent

child, if the case is transferred pursuant to division (A)(1)(a)(i) or (A)(1)(b)(ii) of section 2152.12 of the Revised Code, and if the child subsequently is convicted of or pleads guilty to an offense in that case, the sentence to be imposed or disposition to be made of the child shall be determined as follows:

(1) The court * * * shall determine whether * * * division (A) of section 2152.12 of the Revised Code would have required mandatory transfer of the case or division (B) of that section would have allowed discretionary transfer of the case.

(2) If the court in which the child is convicted of or pleads guilty to the offense determines under division (B)(1) of this section that, had a complaint been filed in juvenile court alleging that the child was a delinquent child for committing an act that would be that offense if committed by an adult, division (A) of section 2152.12 of the Revised Code would not have required mandatory transfer of the case, and division (B) of that section would not have allowed discretionary transfer of the case, the court shall transfer jurisdiction of the case back to the juvenile court that initially transferred the case, the court and all other agencies that have any record of the conviction of the child or the child's guilty plea shall expunge the conviction or guilty plea and all records of it, the conviction or guilty plea shall be considered and treated for all purposes other than as provided in this section to have never occurred, the conviction or guilty plea shall be considered and treated for all purposes other than as provided in this section to have been a delinquent child adjudication of the child, and the juvenile court shall impose one

or more traditional juvenile dispositions upon the child under sections 2152.19 and 2152.20 of the Revised Code.

(3) If the court in which the child is convicted of or pleads guilty to the offense determines under division (B)(1) of this section that, had a complaint been filed in juvenile court alleging that the child was a delinquent child for committing an act that would be that offense if committed by an adult, division (A) of section 2152.12 of the Revised Code would not have required mandatory transfer of the case but division (B) of that section would have allowed discretionary transfer of the case, the court shall determine the sentence it believes should be imposed upon the child under Chapter 2929. of the Revised Code, shall impose that sentence upon the child, and shall stay that sentence pending completion of the procedures specified in this division. Upon imposition and staying of the sentence, the court shall transfer jurisdiction of the case back to the juvenile court that initially transferred the case and the juvenile court shall proceed in accordance with this division. * * *

(4) If the court in which the child is convicted of or pleads guilty to the offense determines under division (B)(1) of this section that, had a complaint been filed in juvenile court alleging that the child was a delinquent child for committing an act that would be that offense if committed by an adult, division (A) of section 2152.12 of the Revised Code would have required mandatory transfer of the case, the court shall impose sentence upon the child under Chapter 2929. of the Revised Code.

{¶ 20} In summary, if the adult court is faced with a conviction on an offense that would still be a mandatory bindover for the juvenile, then the court should sentence the juvenile on that offense just as it normally would sentence an adult defendant before it. R.C. 2152.121(B)(4). However, if the juvenile is convicted of an offense that would not be a mandatory bindover for that juvenile but would be a discretionary bindover, then the adult court must "impose" an adult sentence but then stay the sentence and return the case to the juvenile court for further action there. R.C. 2152.121(B)(3). At that point, the juvenile court can ultimately transfer the case back to the adult system or make a Serious Youthful Offender disposition along with a traditional juvenile disposition. R.C. 2152.121(B)(3)(a), (b). Finally, if the juvenile is convicted of an offense that would not have been a bindover at all for the juvenile, then the adult court makes no sentence on that offense and returns the case to the juvenile court for further action there. R.C. 2152.121(B)(2).

{¶ 21} Ultimately, Brookshire was convicted of one offense that would have still been a mandatory bindover for the juvenile – the Aggravated Robbery charge with a firearm specification relating to the Burger King robbery. Pursuant to R.C. 2152.121(B)(4), the adult court was authorized to sentence Brookshire as it normally would sentence an adult defendant before it. Therefore, we find no error in the adult court's sentence on the one count of Aggravated Robbery with a firearm specification.

{¶ 22} But the remaining five convictions involve Aggravated Robbery and Kidnapping offenses with no firearm specifications. These are offenses that do not appear to be subject to a mandatory bindover but could be subject to discretionary bindover. Consequently, the adult court was required to determine whether these five offenses were subject to mandatory transfer or

discretionary transfer. If they were subject to discretionary transfer, then the adult court must "impose" an adult sentence, but then stay the sentence and return the case to the juvenile court for further action there. R.C. 2152.121(B)(3). The adult court failed to make the required determination, stay the sentence, or return the case to the juvenile court. We conclude that the adult court's failure to follow the plain language of R.C. 2152.121 constitutes plain error.

{¶ 23} The State disagrees and believes the adult court was not required to reverse transfer the five offenses to the juvenile court. In support of its position, the State cites our prior decision in *State v. Washington*, 2d Dist. Montgomery No. 20226, 2005-Ohio-6546. In *Washington*, we were faced with the question of whether a juvenile court must transfer the entire case to the adult court when at least one of the offenses in the case constituted a mandatory transfer offense. We concluded, at ¶ 24, that the entire case must be transferred:

> None of the provisions cited above apply to the CCW charge, which is a non-category offense. However, R.C. 2152.12(I) provides that when a "case" is transferred pursuant to division (A) of that section "[t]he transfer abates the jurisdiction of the juvenile court with respect to the delinquent acts alleged in the complaint, and, upon the transfer, all further proceedings pertaining to the act charged shall be discontinued in the juvenile court, and the case then shall be within the jurisdiction of the court to which it is transferred as described in division (H) of section 2151.23 of the Revised Code." R.C. 2151.23(H) likewise terminates the jurisdiction of the juvenile division after a transfer is ordered.

{¶ 24} We further noted that the object of R.C. 2152.12(I) "is judicial economy; to prevent dual proceedings in the two divisions. Presumably, the General Assembly has found

that the value of judicial economy in that regard outweighs any benefit that would otherwise accrue by treating the alleged offender as a juvenile."   *Washington* at ¶ 25.

{¶ 25}   But, as we mentioned above, the question of whether an entire case should be transferred from the juvenile court to the adult court is a different question from whether an adult court must transfer back offenses at the time of sentencing, after a single factfinder has heard the evidence and adjudicated the charges.   R.C. 2152.121, not R.C. 2152.12, governs the procedure that must be followed at the time of sentencing.   R.C. 2152.121(A) provides that even after a case is transferred to the adult court pursuant to R.C. 2152.12, the juvenile court retains jurisdiction to make disposition when required under R.C. 2152.121(B).   Similarly, R.C. 2151.23(H) provides that the juvenile court does not have jurisdiction to hear or determine the case subsequent to the transfer to the adult court "except as provided in section 2152.121 of the Revised Code."   The General Assembly explained in R.C. 2152.121(B) what the adult court must do at the time of sentencing regarding different types of "offenses."   The adult court must follow the statute.

{¶ 26}   We acknowledge that the judicial economy benefits we noted in *Washington* may not be served by the subsequent enactment of R.C. 2152.121, which leads to proceedings in two different divisions of the Montgomery County Common Pleas Court.   But the General Assembly may have decided that the judicial economy served by transferring an entire case from juvenile court to adult court at the beginning of the case was subsequently trumped at the time of sentencing by the need to allow the juvenile court to take part in sentencing.   In *State v. Murphy*, 8th Dist. Cuyahoga No. 97459, 2012-Ohio-2924, ¶ 14, the Eighth District noted the importance of the juvenile court handling the sentencing pursuant to R.C. 2152.121:

The state also contends that R.C. 2152.121 "does not affect sentencing; it is a purely procedural issue concerning which court shall have jurisdiction." We disagree. The very language of the statute demonstrates that it is a sentencing statute. Moreover, juvenile offenders are generally treated differently than adult offenders because the objectives of the juvenile justice system differ from those of the adult criminal justice system.

{¶ 27} The *Murphy* court noted that the overriding purposes in felony sentencing are to protect the public from future crime by the offender and to punish the offender. *Id.*, quoting R.C. 2929.11(A). On the other hand, the overriding purposes in juvenile dispositions "are to provide for the care, protection and mental and physical development of children * * * , protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim, and rehabilitate the offender." *Murphy* at ¶ 15, quoting R.C. 2152.01(A). Also, the juvenile court is instructed to use "a system of graduated sanctions and services." *Id.*

{¶ 28} The plain language of R.C. 2151.121 required the adult court to transfer five of the six offenses back to the juvenile court. Given the differences in the purposes of sentencing between adult and juvenile courts, we conclude that the adult court's failure to do so in this case constitutes plain error.

{¶ 29} We acknowledge that, arguably, the trial court's error could be considered harmless error, because the court ordered the terms of the sentences for the five non-mandatory transfer offenses to be served concurrently with the sentence for the mandatory transfer offense of Aggravated Robbery with a firearm specification, resulting in an aggregate sentence of nine years. *See State v. Mays*, 8th Dist. Cuyahoga No. 100265, 2014-Ohio-3815; *State v. Bradford*,

5th Dist. Stark No. 2013 CA 00124, 2014-Ohio-904. But we do not agree that the error is harmless. For example, depending on the adult court's finding pursuant to R.C. 2152.121(B), Brookshire ultimately could have his convictions and guilty pleas on the five non-mandatory transfer offenses expunged. R.C. 2151.121(B)(2), (3). Furthermore, if Brookshire seeks and obtains either State post-conviction relief or federal relief from his nine-year sentence on his Aggravated Robbery and firearm specification convictions, then the particular sentences received on his other five convictions would have independent significance. Given the record before us, we conclude that the adult court's error was not harmless.

{¶ 30} Brookshire's Fourth Assignment of Error is sustained.

## V. Brookshire Has Failed to Demonstrate

## Ineffective Assistance of Trial Counsel

{¶ 31} Brookshire's Fifth Assignment of Error states:

DELAQUAN BROOKSHIRE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; OHIO CONSTITUTION, ARTICLE I, SECTION 10.

{¶ 32} A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 33} Delaquan contends that his trial counsel was ineffective "for failing to object to the constitutionality of the transfer of his case to adult court." Brief, p. 19. Since we have concluded in Part III, above, that the transfer to adult court was not unconstitutional, we conclude that trial counsel was not ineffective for failing to object on this basis.

{¶ 34} Delaquan also contends that his trial counsel "was ineffective for agreeing to a void sentence." Brief, p. 20. According to Delaquan: "Had counsel argued that R.C. 2152.121 required stayed sentences in Counts 2, 3, 7, 8, and 10, the trial court would have sentenced Delaquan in accordance with R.C. 2152.121, and he would not currently be serving prison terms for those charges." *Id.* We find no prejudice has been demonstrated.

{¶ 35} As we found in Part IV, above, the adult court should have followed the mandates of R.C. 2152.121, and made the required determination to reverse transfer five of the six offenses to the juvenile court for sentencing. On remand, this error will be corrected by the adult court. Furthermore, because we are affirming the adult court's decision to sentence Brookshire to nine years in prison on the mandatory transfer offense of Aggravated Robbery with a firearm specification, Brookshire would currently be in prison even if trial counsel had alerted the adult court that it was misapplying R.C. 2152.121. Consequently, Brookshire has failed to show that but for his trial counsel's errors, "he would not currently be serving prison terms." Brief, p. 20.

**{¶ 36}** The Fifth Assignment of Error is overruled.


## VI. Conclusion

**{¶ 37}** Brookshire's Fourth Assignment of Error having been sustained, and his other assignments of error having been overruled, the judgment of the trial court will be Reversed, in part, and Affirmed, in part. The cause is remanded for the adult court to make the required determination pursuant to R.C. 2152.121(B)(1), and to proceed accordingly, pursuant to R.C. 2152.121(B)(2)-(4).

. . . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.


Copies mailed to:

Mathias H. Heck
Andrew T. French
Sheryl Trzaska
Hon. Michael Tucker