[Cite as *State v. Brookshire*, 2014-Ohio-5368.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY   COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25859 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2013-CR-635/1 |
| v. | : | |
| | : | |
| DELAQUAN BROOKSHIRE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**DECISION AND ENTRY**

Rendered on the 4th day of December, 2014

(Reconsideration of Supreme Court Website No. 2014-Ohio-4858)

. . . . . . . . . . .

PER CURIAM:

**{¶ 1}**   This matter is before the court upon the application of plaintiff-appellee the State of Ohio for reconsideration of our judgment rendered herein on October 31, 2014. In that judgment, we reversed all of defendant-appellant Delaquan Brookshire's convictions and sentences other than his conviction and sentence for Aggravated Robbery with a firearm specification. In doing so, we rejected the State's argument that the

juvenile court's mandatory bindover to adult court of the Aggravated Robbery with a firearm specification prevented a "reverse" bindover, under R.C. 2152.121, of other offenses to which Brookshire pled guilty in adult court.

{¶ 2} The State now argues that we erred by concluding that two of the other offenses, both Aggravated Robbery offenses with accompanying firearm specifications being dismissed, were subject to "reverse" bindover under R.C. 2152.121. Specifically, the State contends that we erred by concluding that the dismissal of the firearm specification for these offenses was dispositive of the issue.

{¶ 3} We noted in our opinion in this appeal, *State v. Brookshire*, 2d Dist. Montgomery No. 25859, 2014-Ohio-4858, ¶ 20, that R.C. 2152.121 essentially provides that:

[I]f the adult court is faced with a conviction on an offense that would still be a mandatory bindover for the juvenile, then the court should sentence the juvenile on that offense just as it normally would sentence an adult defendant before it. R.C. 2152.121(B)(4). However, if the juvenile is convicted of an offense that would not be a mandatory bindover for that juvenile but would be a discretionary bindover, then the adult court must "impose" an adult sentence but then stay the sentence and return the case to the juvenile court for further action there. R.C. 2152.121(B)(3). At that point, the juvenile court can ultimately transfer the case back to the adult system or make a Serious Youthful Offender disposition along with a traditional juvenile disposition. R.C. 2152.121(B)(3)(a), (b). Finally, if the juvenile is convicted of an offense that would not have been a bindover at all for the juvenile, then the adult court makes no sentence on that offense and returns the case to the juvenile court for further action there. R.C.

2152.121(B)(2).

{¶ 4} The State argues that with respect to counts 7 and 8 of the indictment, two Aggravated Robbery offenses, to which Brookshire pled guilty after the firearm specifications were dismissed, those are convictions that would still be a mandatory bindover in juvenile court, notwithstanding the dismissal of the firearm specifications. The State cites R.C. 2152.10(A)(2)(b), which provides for mandatory bindover if the child is charged with a category two offense (other than kidnapping), the child was sixteen years of age or older at the time of the offense, and "[t]he child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged." Aggravated Robbery is a category two offense. R.C. 2152.02(CC). There is no dispute that Brookshire was at least sixteen years old at the time of the offense. Finally, as the State notes, in both counts 7 and 8 of the indictment, it is alleged that:

DELAQUAN BROOKSHIRE, on or about January 20, 2013 * * * in attempting or committing a theft offense * * * , or in fleeing immediately after the attempt or offense, did have a deadly weapon, to-wit: firearm, on or about his person or under his control and did display the weapon, brandish the weapon, indicate possession of the weapon or use the weapon; contrary to the form of the statute (in violation of Section 2911.01(A)(1) of the Ohio Revised Code) in such case made and provided, and against the peace and dignity of the State of Ohio.

{¶ 5} The State argues that counts 7 and 8 of the indictment, to which Brookshire pled guilty, constitute the necessary allegations under R.C. 2152.10(A)(2)(b) for a mandatory

bindover from juvenile court to adult court, so that these convictions were not subject to the "reverse" bindover provisions of R.C. 2152.121.

{¶ 6}     In response, Brookshire argues that because R.C. 2923.03(F) permits a charge of complicity to be stated either in terms of complicity, or in terms of the principal offense, counts 7 and 8 of the indictment while stated in terms of the principal offense of Aggravated Robbery, may be construed as alleging complicity in that offense, merely. Brookshire cites *State v. Hanning*, 89 Ohio St.3d 86, 728 N.E.2d 1059 (2000), for the proposition that mere complicity in an offense involving a firearm is not sufficient to satisfy the mandatory bindover provisions of R.C. 2152.10(A)(2)(b). We note that in *Hanning*, the State had conceded that the defendant "did not personally have a firearm on or about his person or under his control, nor did he personally display, brandish, indicate possession of, or use a firearm to facilitate the commission of the act charged." *Id.*, at 91. There is no similar concession in the case before us.

{¶ 7}     It is true that "[i]n charging complicity, the accused may be charged specifically as an accomplice under this section, or he may be charged simply as a joint offender in the offense committed." Legislative Service Commission notes to R.C. 2923.03. But in the case before us, Brookshire is the sole offender identified in counts 7 and 8 of the indictment, and he was charged in terms of the terms of the principal offense, not in terms of complicity. A defendant charged as a principal can be found guilty as an accomplice. *State v. Strub*, 48 Ohio App.2d 57, 62, 355 N.E.2d 819 (7th Dist.1975). Nevertheless, counts 7 and 8 of the indictment in the case before us do, in fact, allege that Brookshire had a firearm on or about his person or under his control and did display the weapon, brandish it, indicate its possession, or use it. This is sufficient under R.C. 2152.10(A)(2)(b) for mandatory bindover.

**{¶ 8}** Although the firearm specifications attached to counts 7 and 8 were dismissed, those counts were not amended to state the offense in terms of complicity, merely, but remained as statements of the principal offense, alleging Brookshire's necessary connection to a firearm. We conclude, therefore, that the State's application for reconsideration has merit, and it is GRANTED.

**{¶ 9}** Our judgment entry rendered herein on October 31, 2014, is VACATED, and an amended judgment will be entered to reflect that Brookshire's convictions and sentences on counts 7 and 8 of the indictment are affirmed. In addition, our opinion of October 31, 2014 (2014-Ohio-4858) is hereby modified accordingly, consistent with this Decision and Entry.

**{¶ 10}** IT IS SO ORDERED.


_____

JEFFREY E. FROELICH, Presiding Judge


_____

MIKE FAIN, Judge


_____

JEFFREY M. WELBAUM, Judge


Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French

Montgomery Co. Prosecutor's Office
301 W. Third Street
Dayton, OH 45402
Sheryl Trzaska
Office of the Public Defender
250 E. Broad Street, Suite 1400
Columbus, OH 43215

Hon. Michael Tucker
Montgomery Co. Common Pleas Court
41 N. Perry Street
Dayton, OH 45422