[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. D.B.,* Slip Opinion No. 2017-Ohio-6952.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-6952

THE STATE OF OHIO, APPELLANT, *v.* D.B., APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. D.B.,* Slip Opinion No. 2017-Ohio-6952.]

*Once the general division of a court of common pleas determines under R.C. 2152.121(B)(4) that a 16-year-old or 17-year-old has been convicted of at least one offense that is subject to mandatory transfer, the court shall sentence the juvenile under R.C. Chapter 2929 for all the convictions in the case—Motion for reconsideration granted—Judgment reversed.*

(No. 2015-0192—Submitted June 21, 2017—Decided July 27, 2017.)

CERTIFIED by the Court of Appeals for Montgomery County, No. 25859, 2014-Ohio-4858 and 2014-Ohio-5368.

ON MOTION FOR RECONSIDERATION.

_____

FISCHER, J.

{¶ 1} This court has the authority to grant motions for reconsideration filed under S.Ct.Prac.R. 18.02 in order to "correct decisions which, upon reflection, are

deemed to have been made in error." *State ex rel. Huebner v. W. Jefferson Village Council*, 75 Ohio St.3d 381, 383, 662 N.E.2d 339 (1995). After briefing and oral argument, we reversed the judgment of the court of appeals and remanded this case in light of *State v. Aalim*, __ Ohio St.3d __, 2016-Ohio-8278, __ N.E.3d __ ("*Aalim I*"), which held that the statutes mandating the transfer of certain juvenile cases to the general division of the court of common pleas violate the Ohio Constitution. __ Ohio St.3d __, 2016-Ohio-8334, __ N.E.3d __. *Aalim I* rendered the certified question presented in this case moot. This court has since vacated *Aalim I* and held that the mandatory-transfer statutes are not unconstitutional. *State v. Aalim*, __ Ohio St.3d __, 2017-Ohio-2956, __ N.E.3d __ ("*Aalim II*"). This combination of events places the trial court in the untenable and no-win position of either disobeying this court's remand order or ignoring this court's precedent as set forth in *Aalim II*. We therefore grant the state's motion for reconsideration and turn to the issue presented by the certified question.

## I.    CASE BACKGROUND

{¶ 2} Appellee, D.B., was charged with being a delinquent child for actions that would constitute multiple counts of both aggravated robbery and kidnapping if committed by an adult. Each of the counts had firearm specifications attached. The case was transferred from juvenile court to the general division of the court of common pleas under the mandatory-transfer provisions of R.C. 2152.12(A)(1)(b)(ii). D.B. later pleaded guilty to some charges that were subject to mandatory transfer and also pleaded guilty to some charges that were subject to discretionary transfer.

{¶ 3} The Second District Court of Appeals determined that the charges that were subject to discretionary transfer and resulted in convictions were also subject to the so-called "reverse bindover" provisions of R.C. 2152.121(B)(3), as described below, even though some of the charges subject to mandatory transfer also resulted in convictions.

**{¶ 4}** The Second District certified that its holding in this case and the Eighth District's holding in *State v. Mays*, 2014-Ohio-3815, 18 N.E.3d 850 (8th Dist.), are in conflict. We determined that a conflict exists, 142 Ohio St.3d 1446, 2015-Ohio-1591, 29 N.E.3d 1002, and now consider the following issue:

> Once an adult court determines under R.C. 2152.121(B)(4) that at least one charge for which the juvenile was convicted is subject to mandatory transfer, is that court permitted to sentence the juvenile under R.C. Chapter 2929 on all charges in the case, or must the adult court complete a separate analysis under R.C. 2152.121(B) for each charge individually?

142 Ohio St.3d 1513, 2015-Ohio-2418, 33 N.E.3d 62.

**{¶ 5}** In answering the certified question, we hold that the general division of the court of common pleas must sentence a juvenile under R.C. Chapter 2929 for all offenses for which the juvenile is convicted in a case if, under R.C. 2152.121(B)(4), at least one offense for which the juvenile was convicted was subject to mandatory transfer. Therefore, we reverse the judgment of the court of appeals and reinstate the sentence imposed by the trial court.

## II. FACTS AND PROCEDURAL HISTORY

**{¶ 6}** As a 17-year-old, D.B. used a firearm to commit aggravated robberies of two separate businesses. Additionally, D.B. forced, at gunpoint, multiple people into confined spaces against their will, and D.B. robbed two of those people.

**{¶ 7}** The Montgomery County Court of Common Pleas, Juvenile Division, found probable cause to believe that D.B. had committed multiple counts of both aggravated robbery and kidnapping, all with firearm specifications, and the court transferred D.B.'s case to the adult criminal division under the mandatory-transfer provisions of R.C. 2152.12(A)(1)(b)(ii). D.B. later pleaded guilty to three counts

of aggravated robbery, with a firearm specification attached to one of the counts, and three counts of kidnapping. In return for D.B.'s guilty plea, the state agreed to drop the remaining charges and to recommend a prison sentence of between six and twelve years. Upon that recommendation, the trial court imposed a six-year prison term for each aggravated robbery, a five-year prison term for each kidnapping, and a three-year prison sentence for the firearm specification. The court ordered that D.B. would serve each prison term concurrently, except for the three-year term for the firearm specification, which would be served consecutively. D.B.'s aggregate sentence was nine years in prison.

{¶ 8} D.B. appealed to the Second District Court of Appeals. Among other assignments of error, D.B. argued that his conviction for aggravated robbery with an attached firearm specification was his only conviction that resulted from a charge that was subject to mandatory transfer. He further contended that for each of his remaining convictions, the trial court was required to follow the reverse-bindover procedure found in R.C. 2152.121(B)(3). The court of appeals agreed in part with D.B. and held that his convictions for kidnapping were subject to the reverse-bindover procedure. 2014-Ohio-4858, ¶ 28; 2014-Ohio-5368, ¶ 7-9.

{¶ 9} Upon the state's motion, the Second District certified that a conflict existed between its holding and the Eighth District Court of Appeals' holding in *Mays*, 2014-Ohio-3815, 18 N.E.3d 850. *Mays* held that R.C. 2152.121(B) does not

> requir[e] the common pleas court to complete a separate analysis for each charge appellant ultimately pled guilty to once it determined under R.C. 2152.121(B)(4) that Count 2, aggravated robbery, required mandatory transfer of the entire case. * * * [O]nce the trial court made this determination, it was permitted to sentence appellant on each count he pled guilty to * * * under Chapter 2929 of the Ohio Revised Code.

(Emphasis deleted.) *Id.* at ¶ 40. We determined that these cases present a conflict. 142 Ohio St.3d 1446, 2015-Ohio-1591, 29 N.E.3d 1002.

### III. ANALYSIS

**{¶ 10}** In answering the certified question, we must determine the meaning of the various provisions of R.C. 2152.121. When considering the meaning of a statute, our "primary goal * * * is to ascertain and give effect to the legislature's intent in enacting the statute." *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. We first consider the "plain meaning of the statutory language." *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52. If that language is "unambiguous and definite," we apply it "in a manner consistent with the plain meaning of the statutory language." *Lowe* at ¶ 9.

**{¶ 11}** As a threshold matter, we note that R.C. 2152.121(B) applies only to juveniles whose cases were transferred to the general division of the common pleas court under R.C. 2152.12(A)(1)(a)(i) or (A)(1)(b)(ii). R.C. 2152.12(A)(1)(b)(ii) incorporates R.C. 2152.10(A)(2)(b) by reference and requires transfer when there is probable cause to believe that a 16-year-old or 17-year-old committed a category-two offense other than kidnapping while displaying, brandishing, indicating possession of, or using a firearm. The term "category-two offense" is defined in R.C. 2152.02(BB) as any of the following crimes: (1) voluntary manslaughter, R.C. 2903.03, (2) kidnapping, R.C. 2905.01, (3) rape, R.C. 2907.02, (4) aggravated arson, R.C. 2909.02, (5) aggravated robbery, R.C. 2911.01, (6) aggravated burglary, R.C. 2911.11, and (7) first-degree-felony involuntary manslaughter, R.C. 2903.04(A). Cases of juvenile defendants that fall into these categories are transferred out of the juvenile system without any judicial finding of the juvenile's amenability to care or rehabilitation within the juvenile system. *Compare* R.C. 2152.12(B) *with* R.C. 2152.12(A).

**{¶ 12}** R.C. 2152.121(B) requires the trial court in which a juvenile has been convicted to determine whether "division (A) of section 2152.12 of the Revised Code would have required mandatory transfer *of the case* or division (B) of that section would have allowed discretionary transfer *of the case*" if only those charges that resulted in convictions had been presented to the juvenile court in the delinquency complaint. (Emphasis added.) R.C. 2152.121(B)(1). In other words, the trial court must determine what the juvenile court *would have been required to do with the case* if the juvenile had been charged with only those offenses for which convictions were obtained.

**{¶ 13}** In some cases, the trial court must transfer the case back to the juvenile court for disposition. For example, the trial court is required to transfer a case back to the juvenile court if the crimes for which convictions were obtained, had they been delinquency charges, were not subject to transfer to the general division of the court of common pleas. R.C. 2152.121(B)(2). In other cases, the trial court must conduct the reverse-bindover procedure in R.C. 2152.121(B)(3). This procedure is required if the crimes for which convictions were obtained, had they been delinquency charges, would have subjected the juvenile's case only to discretionary, rather than mandatory, transfer proceedings.

**{¶ 14}** Here, D.B.'s case was transferred to the general division of the court of common pleas because he was charged with having committed aggravated robbery with a firearm when he was 17 years old. R.C. 2152.12(A)(1)(b)(ii). D.B. was subsequently convicted of that offense. If a juvenile court determines in a delinquency case that there is probable cause to support a single charge of aggravated robbery with an attached firearm specification, *the case* is subject to mandatory transfer. R.C. 2152.121(B)(4) ("If the court * * * determines * * * that * * * division (A) of section 2152.12 of the Revised Code would have required mandatory transfer of *the case*, the court shall impose sentence upon the child under Chapter 2929. of the Revised Code" [emphasis added]).

**{¶ 15}** Under the plain language of R.C. 2152.121(B)(3), the court is not empowered to split the case in two, with some portions going back to the juvenile court and others remaining with the general division of the court of common pleas. That is, a trial court cannot separate each of the juvenile's convictions, because the relevant inquiry is what the juvenile court would have been required to do with *the case*. R.C. 2152.121(B)(1) ("The court * * * shall determine whether * * * division (A) of section 2152.12 of the Revised Code would have required mandatory transfer of *the case* or division (B) of that section would have allowed discretionary transfer of *the case*" [emphasis added]).

**{¶ 16}** D.B. urges us to reach the opposite result for two reasons. First, D.B. emphasizes the General Assembly's use of the singular form of the word "offense" in R.C. 2152.121(B). This argument is unpersuasive. We have avoided making fine distinctions about the meaning of a statute based upon its use of the singular form of a word. *See Wingate v. Hordge*, 60 Ohio St.2d 55, 57-59, 396 N.E.2d 770 (1979); *State ex rel. United States Steel Corp. v. Zaleski*, 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, ¶ 14-19. Indeed, the General Assembly has specifically instructed us to read statutes so that "[t]he singular includes the plural, and the plural includes the singular." R.C. 1.43(A). Read accordingly, R.C. 2152.121(B)(1) requires that trial courts consider what a juvenile court would have been required to do with a case if the juvenile had been charged as a delinquent based only upon the offense or offenses for which the juvenile was ultimately found guilty in the general division of the court of common pleas.

**{¶ 17}** Second, D.B. argues that under R.C. 2152.121(B)(3), a trial court can split a case into its mandatory-transfer and discretionary-transfer portions, and send some portion back to the juvenile court. But splitting a case in two would impose upon the trial court two incompatible obligations. The court would have to impose an adult prison sentence under R.C. 2152.121(B)(4) while simultaneously "transfer[ring] jurisdiction of *the case* back to the juvenile court," ordering "the

7

court and all other agencies that have any record of the conviction of the child or the child's guilty plea [to] expunge the conviction or guilty plea and all records of it," and treating the conviction or guilty plea as if it had "never occurred." (Emphasis added.) R.C. 2152.121(B)(2). The reverse-bindover provision, R.C. 2152.121(B)(3), does not create two incompatible obligations.

{¶ 18} R.C. 2152.121(B)(1) requires the trial court to place itself in the shoes of the juvenile court and determine which provision of the transfer statute, if any, would have applied to the juvenile's *case* if the delinquency charges reflected only those offenses for which the juvenile was convicted. Here, D.B. was convicted of committing three counts of aggravated robbery (R.C. 2911.01(A)(1)), one with a firearm, as a 17-year-old. In other words, D.B. was convicted of committing at least one offense that was subject to mandatory transfer under R.C. 2152.12(A)(1)(b)(ii) when it was charged. Therefore, the trial court was not empowered to conduct a reverse-bindover proceeding and was correct to impose a sentence upon D.B. under R.C. Chapter 2929 for every offense for which he was convicted in *the case*. R.C. 2152.121(B)(4).

## IV. CONCLUSION

{¶ 19} Once the general division of the court of common pleas determines under R.C. 2152.121(B)(4) that a 16-year-old or 17-year-old has been convicted of at least one offense that is subject to mandatory transfer, the court shall sentence the juvenile under R.C. Chapter 2929 for all the convictions in the case. Accordingly, we reverse the judgment of the court of appeals and reinstate the sentence imposed by the trial court.

Motion for reconsideration granted

and judgment reversed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, and DEWINE, JJ., concur.

O'NEILL, J., dissents, with an opinion.

8

_____

**O'NEILL, J., dissenting.**

{¶ 20} Respectfully, I dissent.

{¶ 21} In this case, we consider a certified conflict over the proper application of R.C. 2152.121. That statute applies when a child's case is transferred out of juvenile court pursuant to R.C. 2152.12(A)(1)(a)(i) or (A)(1)(b)(ii). R.C. 2152.121(A). These provisions provide for the transfer of a juvenile into adult court without an amenability hearing. That is precisely how appellee D.B.'s case made its way to the adult court, without an amenability hearing. For the reasons expressed in the dissenting opinions in *State v. Aalim*, __ Ohio St.3d __, 2017-Ohio-2956, __ N.E.3d __ (O'Connor, C.J., and O'Neill, J., dissenting), I believe that this is an unconstitutional deprivation of due process. And the Ohio General Assembly is not permitted to pass laws that deny due process to anyone. Essentially what is happening here is that the legislature has said, "Sure juveniles are entitled to special proceedings, unless they are already bad kids as demonstrated by their bad behavior, in which case, we will just throw them into the adult judicial system and wish them well."

{¶ 22} I maintain that there can be no transfer of a juvenile case out of the juvenile system without an individualized determination that the transfer is appropriate under the circumstances of each child's life. And any juvenile-transfer statute providing for less than what due process demands is unconstitutional. Without a constitutional law authorizing a juvenile court to send juvenile cases to adult court, the courts of common pleas lack subject-matter jurisdiction over these cases. *State v. Wilson*, 73 Ohio St.3d 40, 44, 652 N.E.2d 196 (1995) ("absent a proper bindover procedure * * *, the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent"); *see also* R.C. 2152.03. D.B.'s case, even though it involves guns and bad behavior,

cannot, from a constitutional standpoint, be transferred to adult court unless and until D.B. receives an amenability hearing.

**{¶ 23}** In December 2016, this court summarily reversed the court of appeals' judgment in this matter, and we remanded to the Montgomery County Common Pleas Court, Juvenile Division, for an amenability hearing. *State v. D.B.*, __ Ohio St.3d __, 2016-Ohio-8334, __ N.E.3d __. That was the correct decision in December 2016, and it is the correct decision today. Contrary to the majority's decision today, I would hold as a matter of law that even the Ohio General Assembly is bound by the United States and Ohio Constitutions. I do not rise in defense of DB. I rise in defense of the constitutions that I and all the members of this court have sworn to uphold. R.C. 3.23.

**{¶ 24}** For the foregoing reasons, I dissent.

_____

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Andrew T. French, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Charlyn Bohland and Sheryl Trzaska, Assistant Public Defenders, for appellee.

_____