The STATE of Ohio, Appellee,

v.

AUBREY, Appellant.

[Cite as *State v. Aubrey*, 175 Ohio App.3d 47, 2008-Ohio-125.]

Court of Appeals of Ohio,
Fourth District, Vinton County.

No. 07CA661.

Decided Jan. 14, 2008.

Timothy P. Gleeson, Vinton County Prosecuting Attorney, for appellee.

48

John K. Clark Jr., for appellant.

Kline, Judge.

{¶ 1} John Aubrey appeals one of his three sexual-battery convictions from the Vinton County Court of Common Pleas. The trial court overruled Aubrey's motion to dismiss, finding that a 20–year, instead of a six-year, statute of limitations applied to him. On appeal, Aubrey contends that applying amended R.C. 2901.13 to him violates the Ex Post Facto Clause of the United States Constitution because his criminal act predates the effective date of the amended statute. We disagree because we find that the Ex Post Facto Clause does not prohibit extending the statute of limitations when the original period has not yet expired. Accordingly, we overrule Aubrey's sole assignment of error and affirm the judgment of the trial court.

I

{¶ 2} A Vinton County grand jury indicted Aubrey on 19 counts of sexual battery, felonies of the third degree, in violation of R.C. 2907.03(A)(7). The state alleged in count one of the indictment that Aubrey committed sexual battery against an 18–year–old student in April and May 1998. At the time of the offense, R.C. 2901.13 provided that the state had to commence prosecution for sexual battery within six years, i.e., April and May 2004. Here, the state commenced prosecution in late 2005.

{¶ 3} However, the legislature amended R.C. 2901.13 in 1999 and changed the statute of limitations for sexual battery from six years to 20 years. The legislature stated that the amended statute "applies to an offense committed prior to the effective date of this act if prosecution for that offense was not barred under Section 2901.13 of the Revised Code as it existed on the day prior to the effective date of this act."

{¶ 4} Aubrey moved the court to dismiss the offense based, inter alia, on violations of (1) the statute of limitations and (2) the Ex Post Facto Clause of the United States Constitution. The court denied his motion. Eventually, Aubrey pleaded guilty to the charges of the 1998 offense, along with two other sexual-battery offenses, in exchange for the dismissal of the remaining 16 counts. The court sentenced Aubrey accordingly.

{¶ 5} Aubrey appeals and asserts one assignment of error, i.e., the trial court erred when it applied the 20–year statute of limitations instead of the six-year statute of limitations.

II

{¶ 6} Aubrey essentially contends that amended R.C. 2901.13 as applied to him violates Section 10, Article I of the United States Constitution, which states: "No State shall * * * pass any * * * *ex post facto* Law * * *." The Ex Post Facto Clause bars the application of any law that inflicts a greater punishment for a crime than the law attached to the crime when it was committed. *Calder v. Bull* (1798), 3 U.S. 386, 390–392, 3 Dall. 386, 1 L.Ed. 648; *Lynce v. Mathis* (1997), 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63.

{¶ 7} Here, the legislature stated that the amended statute "applies to an offense committed prior to the effective date of this act if prosecution for that offense was not barred under Section 2901.13 of the Revised Code as it existed on the day prior to the effective date of this act." The state agrees that the statute is retrospective when applied to Aubrey. We agree that the law is retrospective and proceed to the second step in our analysis.

{¶ 8} Traditionally, the United States Supreme Court has used the following four-part framework to evaluate whether a law runs afoul of the Ex Post Facto Clause: "[1] Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. [2] Every law that aggravates a crime, or makes it greater than it was, when committed. [3] Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. [4] Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender. All these, and similar laws, are manifestly unjust and oppressive." *Calder*, 3 U.S. at 390–391, 3 Dall. 386, 1 L.Ed. 648. See also *Stogner v. California* (2003), 539 U.S. 607, 123 S.Ct. 2446, 156 L.Ed.2d 544.

{¶ 9} The United States Supreme Court has repeatedly held that these four categories provide "an exclusive definition of ex post facto laws." *Collins v. Youngblood* (1990), 497 U.S. 37, 42, 110 S.Ct. 2715, 111 L.Ed.2d 30. More recently, the court said that it is "a mistake to stray beyond *Calder's* four categories." *Carmell v. Texas* (2000), 529 U.S. 513, 539, 120 S.Ct. 1620, 146 L.Ed.2d 577. Thus, if Aubrey's claim is to be successful, it must fall within one of *Calder's* four categories.

{¶ 10} In *Stogner*, the court addressed a situation where the legislature extended the statute of limitations after it had already expired. *Stogner*, 539 U.S. at 609, 123 S.Ct. 2446, 156 L.Ed.2d 544. After reviewing the defendant's claim in the context of the four categories, it concluded that the claim best fit within the second category, i.e., a new law that inflicts a punishment upon a person not then subject to that punishment. Id. at 613, 123 S.Ct. 2446, 156

L.Ed.2d 544. We are of a similar opinion. Hence, based on the arguments presented to us, we confine our review of R.C. 2901.13 to the second category.

{¶ 11} Aubrey maintains that *Stogner* supports his position that amended R.C. 2901.13 is unconstitutional. The *Stogner* court held that applying a newly enacted California law, which permitted prosecution for sex-related child abuse within one year of a victim's report to police, to those offenders whose prosecution was otherwise time-barred at the time of the law's enactment, was unconstitutionally ex post facto. However, we distinguish *Stogner* as the Supreme Court did.

{¶ 12} *Stogner* involved a former statute of limitations that had expired. Here, the sexual-battery offense occurred in 1998. Originally, the state had six years to prosecute Aubrey. The legislature changed the statute in 1999, well within the six-year period. Thus, the statute of limitations did not expire before the Ohio legislature amended R.C. 2901.13. *Stogner* was careful to state that a legislature may extend a statute of limitations when it had not already expired. Id., 539 U.S. at 613, 616–618, and 631, 123 S.Ct. 2446, 156 L.Ed.2d 544. In fact, the dissent criticized the majority for allowing this distinction to continue. Id. at 650, 123 S.Ct. 2446, 156 L.Ed.2d 544 (Kennedy, J. dissenting). Further, both the majority and the dissent cited cases in which the courts upheld the extension of unexpired statute of limitations. Id. at 618 and 634, 123 S.Ct. 2446, 156 L.Ed.2d 544. Consequently, we find that amended R.C. 2901.13 does not violate the Ex Post Facto Clause.

{¶ 13} In addition, our holding is consistent with other appellate districts that have addressed a similar issue. See, e.g., *State v. Bentley,* Ashtabula App. No. 2005–A–0026, 2006-Ohio-2503, 2006 WL 1381521 (11th District); *State v. Massey,* Stark App. No. 2004–CA–291, 2005-Ohio-5819, 2005 WL 2864711 (5th District); and *State v. Dycus,* Franklin App. No. 04AP–751, 2005-Ohio-3990, 2005 WL 1840129 (10th District).

{¶ 14} Accordingly, we overrule Aubrey's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

HANNA and MCFARLAND, JJ., concur.