**[Cite as *State v. Rickard*, 2017-Ohio-8614.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio

     Appellee

v.

Charles Rickard

     Appellant

Court of Appeals Nos. E-16-056
E-16-057

Trial Court Nos. 2016-CR-134
2016-CR-360

**DECISION AND JUDGMENT**

Decided: November 17, 2017

* * * * *

Timothy Young, Ohio Public Defender, and Victoria Bader,
Assistant State Public Defender, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This is a consolidated appeal in which appellant, Charles Rickard, appeals

the August 29, 2016 judgments of the Erie County Court of Common Pleas. Finding

error in the judgments, we reverse, in part, and affirm, in part.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

I. The juvenile court erred when it transferred Charles Rickard's case to criminal court because the mandatory transfer provisions in R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) violate a child's right to due process as guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article I, Section 16, Ohio Constitution. *State v. Aalim*, Slip Opinion No. 2016-Ohio-8278. (3/30/16 Entry).

II. The Erie County Common Pleas Court lacked jurisdiction to enter a conviction in case number 2016-Ohio-360 because the case was required to be initiated in Erie County Juvenile Court, in violation of R.C. 2152.12(A)(2)(a); Article I, Section 16, Ohio Constitution. (A-5; 8/26/16 T.pp.3-24).

III. Charles Rickard received ineffective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution; and, Article I, Section 10, Ohio Constitution. (A-1; A-5).

## Background

{¶ 3} At age 16, appellant was arrested for robbing and shooting Jonsay Hayes during an incident that occurred in January 2016. Appellant did not turn age 18 until March 2017.

2.

{¶ 4} On February 1, 2016, appellant was charged with attempted murder in violation of R.C. 2903.02 and 2923.02(A), a felony of the first degree if charged as an adult. This charge was brought under juvenile case No. 2016-JF-009.

{¶ 5} On February 3, 2016, and for the same incident, appellant was further charged with: aggravated robbery with a gun specification in violation of R.C. 2911.01(A)(1) and 2941.145, a felony of the first degree if charged as an adult; complicity to aggravated burglary in violation of R.C. 2911.11(A) and 2923.03(A)(2), a felony of the first degree if charged as an adult; and, felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree if charged as an adult. These charges were brought under juvenile case No. 2016-JF-0016.

{¶ 6} On February 10, 2016, the state moved the juvenile court to transfer the cases to the common pleas court. Because appellant was charged with attempted murder, a "category one offense," and was age 16 at the time of commission, the state requested a mandatory transfer pursuant to R.C. 2151.10(A)(2).

{¶ 7} A probable cause hearing was scheduled for March 15, 2016, but was continued to and held on March 29, 2016. At the hearing, appellant stipulated probable cause existed as to the attempted murder charge brought under juvenile case No. 2016-JF-009. This charge met the criteria for a mandatory bindover, and the court also transferred the charges brought under case No. 2016-JF-0016, in accordance with R.C. 2152.12(F). Appellant and his mother consented to the transfer, and the court transferred both cases.

3.

**{¶ 8}** On April 14, 2016, an indictment was filed in the common pleas court, charging appellant with: complicity to aggravated robbery in violation of R.C. 2911.01(A)(1) and 2923.03(A)(2), a felony of the first degree; complicity to aggravated burglary in violation of R.C. 2911.11(A)(2) and 2923.03(A)(2), a felony of the first degree; complicity to felonious assault in violation of R.C. 2903.11(A)(1) and 2923.03(A)(2), a felony of the second degree; complicity to felonious assault in violation of R.C. 2903.11(A)(2) and 2923.03(A)(2), a felony of the second degree; complicity to attempted murder in violation of R.C. 2923.02(A) and 2903.02(B), a felony of the first degree; complicity to aggravated robbery in violation of R.C. 2911.01(A)(3) and 2923.03(A)(2), a felony of the first degree; complicity to aggravated burglary in violation of R.C. 2911.11(A)(1) and 2923.03(A)(2), a felony of the first degree; and lastly, having a weapon while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree. All eight counts carried gun specifications under R.C. 2941.145, and seven of the counts carried physical harm specifications. These charges were brought under case No. 2016-CR-134.

**{¶ 9}** On August 12, 2016, a plea hearing was held in which appellant pled guilty to complicity to commit aggravated robbery in violation of R.C. 2923.03(A)(2) and 2911.01(A)(1), and to the accompanying gun specification. The state requested that all other counts and specifications be dismissed. After an extensive colloquy as required under Crim.R. 11, the court accepted appellant's plea of guilty. Sentencing was scheduled for August 26, 2016.

4.

{¶ 10} At the sentencing hearing the state notified appellant that a bill of information was filed charging him with: attempted felonious assault in violation of R.C. 2903.11(A)(1) and 2923.02(A), a felony of the third degree; disorderly conduct in violation of R.C. 2917.11(A)(2) and (E)(3)(a), a misdemeanor of the fourth degree; and, criminal damaging in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree. These charges were brought under case No. 2016-CR-360, and they were for incidents that occurred in June and July 2016.

{¶ 11} Appellant pled guilty to the attempted felonious assault in violation of R.C. 2903.11(A)(1) and 2923.02(A), a felony of the third degree. The other counts were dismissed by the state. Appellant also waived his presentence investigation and agreed to be sentenced in conjunction with the prison term in case No. 2016-CR-134.

{¶ 12} Both cases were consolidated for purposes of sentencing. In case No. 2016-CR-134, the trial court sentenced appellant to five years incarceration for the complicity to commit aggravated robbery, and three years for the gun specification. The sentences were to run consecutively, and the court also imposed five years mandatory postrelease control.

{¶ 13} In case No. 2016-CR-360, the court sentenced appellant to 24 months incarceration for the attempted felonious assault. This sentence was to run concurrent to the sentences imposed in case No. 2016-CR-134, for a total, aggregate sentence of eight years incarceration. The court also notified appellant of an additional three years postrelease control.

5.

**{¶ 14}** The judgments in both cases were journalized August 29, 2016, and appellant now timely appeals.

### Assignment of Error No. I

**{¶ 15}** In the first assigned error, appellant argues his mandatory bindover violated his right to due process. Appellee failed to submit a timely brief and effectively waives argument.

**{¶ 16}** Based on the authority of *State v. Aalim II*, we hold "the mandatory bindover of certain juvenile offenders under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) complies with due process and equal protection as guaranteed by the Ohio and United States Constitutions." *See Aalim II*, Slip Opinion No. 2017-Ohio-2956, ¶ 38; *State v. D.B.*, Slip Opinion No. 2017-Ohio-6952, ¶ 1. Consequently, the first assigned error is not well-taken.

### Assignment of Error No. II

**{¶ 17}** In the second assigned error, appellant argues case No. 2016-CR-360 should have been initiated in the juvenile court and, therefore, the corresponding judgment and sentence imposed must be vacated because the common pleas court lacked subject-matter jurisdiction to convict appellant.

**{¶ 18}** R.C. 2152.03 provides:

When a child is arrested under any charge, complaint, affidavit, or indictment for a felony or a misdemeanor, proceedings regarding the child initially shall be in the juvenile court in accordance with this chapter. If the

6.

child is taken before * * * a judge of a court of common pleas other than a

juvenile court, the * * * judge of the court of common pleas shall transfer

the case to the juvenile court, and, upon the transfer, the proceedings shall

be in accordance with this chapter. Upon the transfer, all further

proceedings under the charge, complaint, information, or indictment shall

be discontinued in the court of * * * judge of the court of common pleas

other than a juvenile court subject to section 2152.12 of the Revised Code.

The case relating to the child then shall be within the exclusive jurisdiction

of the juvenile court, subject to section 2152.12 of the Revised Code.

*See State v. Wilson*, 73 Ohio St.3d 40, 43, 652 N.E.2d 196 (1995) (citing rule, which was previously codified under R.C. 2151.25).

{¶ 19} R.C. 2152.12(H) states:

No person, either before or after reaching eighteen years of age, shall

be prosecuted as an adult for an offense committed prior to becoming

eighteen years of age, unless the person has been transferred as provided in

division (A) or (B) of this section or unless division (J) of this section

applies.

*See Wilson* at 44 (citing rule previously codified under R.C. 2151.26(E)).

{¶ 20} Further, "absent a proper bindover procedure pursuant to [R.C. 2152.12], the juvenile court has the exclusive subject matter jurisdiction over any case concerning a

7.

child who is alleged to be a delinquent." *Wilson.* "The exclusive subject matter jurisdiction of the juvenile court cannot be waived." *Id.*

{¶ 21} In this case, the charges brought under case No. 2016-CR-360 were initiated in the common pleas court through a bill of information. The charges were never brought before the juvenile court, and no bindover procedure occurred in compliance with R.C. 2152.12. This is all despite appellant being a "child," for purposes of R.C. 2152.03, at the time he was charged. We find reversible error, as the common pleas court lacked subject-matter jurisdiction to convict appellant. Therefore, we vacate the conviction in case No. 2016-CR-360, and the second assigned error is found well-taken.

### Assignment of Error No. III

{¶ 22} In the third assigned error, appellant argues he received ineffective assistance of trial counsel where counsel failed to object to appellant's bindover as unconstitutional, and failed to object to the lack of subject-matter jurisdiction in the common pleas court.

{¶ 23} In evaluating ineffective assistance of counsel claims, the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus; *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A court must determine whether there has been a substantial violation of any of defense counsel's essential duties to her client and whether the defense was prejudiced

8.

by counsel's ineffectiveness. *See State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

{¶ 24} First, and as noted above, the mandatory bindover procedure complies with due process and equal protection. *See Aalim II*, Slip Opinion No. 2017-Ohio-2956, at ¶ 38. Thus, we find no substantial violation of defense counsel's essential duties in that regard.

{¶ 25} Furthermore, because we find merit in appellant's second assigned error, we decline to address whether it was ineffective assistance of trial counsel in failing to object to subject-matter jurisdiction in case No. 2016-CR-360. Finding merit in the second assigned error renders this argument moot. *See* App.R. 12(A)(1)(c). The third assigned error is found not well-taken.

### Conclusion

{¶ 26} For the foregoing reasons, the August 29, 2016 judgment in case No. 2016-CR-360 of the Erie County Court of Common Pleas is reversed and vacated. The trial court is further ordered to modify the August 29, 2016 judgment in case No. 2016-CR-134, to remove reference to the imposed, concurrent sentence in case No. 2016-CR-360. We otherwise affirm the judgment in No. 2016-CR-134. Appellee is ordered to pay the costs pursuant to App.R. 24.

Judgments reversed, in part,<br>and affirmed, in part.

9.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.            _____
                                                        JUDGE

Thomas J. Osowik, J.

                                            _____
Christine E. Mayle, J.                             JUDGE
CONCUR.

                                            _____
                                                        JUDGE

10.