[Cite as *State v. Camp*, **2018-Ohio-2964.**]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-73 |
| | : | |
| v. | : | Trial Court No. 2017-CR-155 |
| | : | |
| DUSTIN CAMP | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# **O P I N I O N**

Rendered on the 27th day of July, 2018.

. . . . . . . . . . .

ELIZABETH McCORMICK, Atty. Reg. No. 0087862, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee


ADAM STOUT, Atty. Reg. No. 0080334, 5335 Far Hills Avenue, Suite 109, Dayton, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the August 21, 2017 Notice of Appeal of Dustin Camp. Camp appeals from his July 28, 2017 Judgment Entry of Conviction, following guilty pleas to one count of rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, as set forth in count one of the indictment, and one count of gross sexual imposition ("GSI"), in violation of R.C. 2907.05(B), a felony of the third degree, as set forth in count six of the indictment. In exchange for his guilty pleas, the specification to count one, (that the child victim was less than 10 years old), count two, pandering obscenity involving a minor, a felony of the second degree, and counts three, four, and five, pandering sexually oriented matter involving a minor, felonies of the second degree, were dismissed. Camp was sentenced to life in prison with parole eligibility after 10 years for rape, and five years in prison for GSI. The court ordered the sentences to be served consecutively for a total sentence of life in prison with parole eligibility after 15 years. We hereby affirm the judgment of the trial court.

{¶ 2} Camp was indicted on March 13, 2017, and he pled not guilty on March 21, 2017. On April 25, 2017, Camp filed "Defendant's Plea of Not Guilty, Not Guilty by Reason of Insanity, Defendant may not be Competent to Stand Trial, Request for Evaluation and Request for Hearing." On May 9, 2017, the court ordered that Camp be evaluated as to his sanity at the time of his offenses and his competency to stand trial. On June 26, 2017, the court issued an Entry stating that the parties stipulated to the June 15, 2017 report of Thomas O. Martin, Ph.D. The court accepted the report, which concluded that Camp was not mentally ill or intellectually disabled, and the court determined that Camp was competent to stand trial.

**{¶ 3}** On July 6, 2017, Camp withdrew his pleas of not guilty and entered pleas of guilty as set forth above. At the plea hearing, the court did not orally advise Camp regarding post-release control. The following exchange, however, occurred:

THE COURT: Is this your signature on this written plea document?

THE DEFENDANT: Yes.

THE COURT: Did you have an opportunity to review it with your lawyer?

THE DEFENDANT: Yes.

THE COURT: Do you understand everything in it?

THE DEFENDANT: Yes.

* * *

THE COURT: Are you entering this guilty plea voluntarily?

THE DEFENDANT: Yes.

THE COURT: The rape offense is a felony of the first degree. The sentence to that offense would be a sentence of life in prison with parole eligibility after ten years. Is that a mandatory sentence?

MR. PICEK: I believe, that's correct, Your Honor. That's the only sentence authorized for that offense as the plea agreement.

THE COURT: There would be a maximum fine in the amount of $20,000. Do you understand that that's the sentence for

that offense?

THE DEFENDANT:   Yes.

THE COURT:   The gross sexual imposition offense is a third degree felony.   The sentencing range for that offense would be anywhere from community control, also known as probation, up to and including the maximum penalty of five (5) years in the Ohio State Penitentiary and a $10,000 fine.

Do you understand that that's the sentencing range for that offense?

THE DEFENDANT:   Yes, and I also understand that that's not a mandatory prison term as well.

THE COURT:   That's correct. * * *

{¶ 4} Camp's plea form, under a section entitled "Post Release Control," indicates as follows: "Post-Release Control.   In addition, a period of supervision by the Adult Parole Authority after my release from prison is as follows:" and there are three possibilities listed below, namely mandatory five years, mandatory three years, and optional three years.   An "X" is reflected beside the following option:   "(Mandatory Five Years) If I am sentenced to prison for a first-degree felony or a felony sex offense, after my prison release, *I will have five (5) years of mandatory post-release control* under conditions determined by the Parole Board." (Emphasis added.) The plea form further provides:

A violation of a post-release control rule or conditions can result in a more restrictive sanction while I am under post-release control supervision.

These sanctions include increased duration of supervision or control to a maximum term of eight (8) years, and imprisonment even though I have served the entire stated prison term imposed upon me by this Court for all offenses. If I violate conditions while under post-release control supervision, the Parole Board could return me to prison for up to nine (9) months for each violation, or a total of ½ of my originally stated prison term. If the violation is a new felony, I could receive a prison term of the greater of twelve (12) months or the time remaining on post-release control, in addition to any other prison term imposed for the new felony offense.

Finally, the plea form provides: "* * * I am satisfied with my attorney's advice and competence."

{¶ 5} At the conclusion of the hearing, the court found that "the defendant has knowingly, voluntarily, intelligently waived his rights and entered a plea of guilty to these offenses."

{¶ 6} Camp's judgment entry of conviction provides: "The Court notified the defendant that post-release control (PRC) is mandatory in this case for five years. The Defendant is Ordered to serve as part of this sentence five years of PRC."

{¶ 7} Camp asserts one assignment of error herein as follows:

THE TRIAL COURT FAILED TO ADEQUATELY NOTIFY MR. CAMP OF THE MANDATORY POST RELEASE CONTROL FOR A CONVICTION OF GROSS SEXUAL IMPOSITION.

{¶ 8} We initially note that Camp's argument appears in part to be limited to his guilty plea to GSI, while the State's response is directed to both his guilty pleas to GSI

and rape.   We will consider Camp's assigned error to be directed to both of his pleas.

{¶ 9} Camp asserts that his "plea was rendered invalid when the Trial Court failed to read aloud to Mr. Camp that he would be subject to post-release control as required by Crim.R. 11(C)(2).   Consequently, the Appellant was unable to fully understand the implications of his Pleas and the Rights he was waiving."   Camp asserts that "he was not fully informed as to entering into the plea bargain arrangement [sic] and thereby affected his decision making on the matter." Camp "respectfully requests that his plea be vacated and his charges be dismissed."   The State responds that "this Court should find the trial court followed established precedent and substantially complied with the notification requirements of Crim.R. 11(C)(2)(a)." The State argues that the matter herein is analogous to *State v. Williams*, 10th Dist. Franklin No. 10AP-1135, 2011-Ohio-6231.

{¶ 10}   In *State v. Jones*, 2d Dist. Montgomery No. 24772, 2013-Ohio-119, ¶ 6-7, this Court noted as follows:

> The Ohio Supreme Court has observed that "[a] criminal defendant's choice to enter a plea of guilty or no contest is a serious decision."   *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25.   The Court explained:
>
>> The benefit to a defendant of agreeing to plead guilty is the elimination of the risk of receiving a longer sentence after trial. But, by agreeing to plead guilty, the defendant loses several constitutional rights.   The exchange of certainty for some of the most fundamental protections in the criminal justice system will not be permitted unless the defendant is fully

informed of the consequences of his or her plea. Thus, unless a plea is knowingly, intelligently, and voluntarily made, it is invalid.

To ensure that pleas conform to these high standards, the trial judge must engage the defendant in a colloquy before accepting his or her plea. * * * Crim.R. 11(C), (D), and (E). It follows that, in conducting this colloquy, the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea.

(Citations omitted.) Id. at ¶ 25-26. To that end, Crim.R. 11(C)(2)(a) provides that, before accepting a guilty plea, a court must "[d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved. * * *."

The "maximum penalty" includes any mandatory post-release control sanction, which has been explained this way:

Postrelease control is a period of supervision that occurs after a prisoner has served his or her prison sentence and is released from incarceration, during which the individual is subject to specific sanctions with which he or she must comply. Violation of these sanctions may result in additional punishment, such as a longer period of control, more restrictions during the control period, or a prison term of up to

nine months per violation, subject to a cumulative maximum

of one-half of the original stated prison term.

(Citations omitted.)   Clark at ¶ 35. Thus if the defendant will be subject to a period of post-release control, to comply with Crim.R. 11 the court must inform the defendant of post release control.   However, case law distinguishes between constitutional and non-constitutional components of Crim.R. 11.

When the trial judge does not substantially comply with

Crim.R. 11 in regard to a nonconstitutional right, reviewing

courts must determine whether the trial court partially

complied or failed to comply with the rule.   If the trial judge

partially complied, e.g., by mentioning mandatory post-

release control without explaining it, the plea may be vacated

only if the defendant demonstrates a prejudicial effect.   See

[State v.] *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474, citing

*State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O. 3d 52,

364 N.E.2d 1163, and Crim.R. 52(A); see also [State v. ]

*Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d

1224, ¶ 23.   The test for prejudice is "whether the plea would

have otherwise been made."   *Nero* at 108, 564 N.E.2d 474,

citing *Stewart, id.*   If the trial judge completely failed to comply

with the rule, e.g., by not informing the defendant of a

mandatory period of postrelease control, the plea must be

vacated. See *Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509,

881 N.E.2d 1224, paragraph two of the syllabus.

*Id.* at ¶ 32.

{¶ 11} In *Jones*, 2d Dist. Montgomery No. 24772, 2019-Ohio-119, Jones argued that the trial court "failed to comply with R.C. 2943.032 by not informing Jones that if he violates a condition of his mandatorily imposed post-release control sanction, he could be sent back to prison for up to 9 months for each singular violation," and that his plea was accordingly "not knowingly and intelligently made and should be vacated." *Id.* at ¶ 4. This Court determined as follows:

Arguably, the trial court literally complied with Crim. R. 11 because it advised the defendant of the "maximum penalty," which included a prison term, and advised him of imposition of the correct term of mandatory post-release control, and advised him of the maximum possible sanction. One could question whether Crim.R. 11 requires the court to tell the defendant anything about the length of a [ ] post-release control sanction prison term because that term is a consequence of a violation of the sanction, imposed by the parole board and not a sentence imposed by the court for committing the original offense. Moreover, the nine month sanction for each singular violation is in R.C. 2943.032, not Crim.R. 11. Nevertheless, other appellate courts have reviewed issues concerning the completeness of a post release control explanation (aside from the mandatory/discretionary and 3/5 reversible errors) under a substantial compliance analysis. In *State v. Allen,* 10th Dist. Franklin No. 11AP-640, 2012-Ohio-2986, ¶ 23, the court

found substantial compliance "[b]ased upon the trial court's explanation of appellant's maximum penalties, including the terms of mandatory post-release control, combined with the information contained in the guilty plea forms and the trial court's inquiries regarding whether appellant discussed the guilty plea forms with his attorney, understood the guilty plea forms, and signed the guilty plea forms."  In *State v. McDuffie,* 8th Dist. Cuyahoga No. 96721, 2011-Ohio-6436, ¶ 24, the court found substantial compliance where "the trial court advised appellant, '[s]hould you misbehave while under their supervision, you can receive additional prison time under this case number.' " In *State v. Reese*, 9th Dist. Wayne No. 09CA0020, 2009-Ohio-6507, ¶ 9, the court concluded that, under the totality of the circumstances, the defendant subjectively understood the consequences of his plea even though the trial court failed to inform him about "the specific terms of re-incarceration he might face for post-release control violations." And in *State v. Munyan*, 5th Dist. Licking No. 08-CA-88, 2009-Ohio-2348, the appellate court concluded that the trial court substantially complied with Crim.R. 11 despite not informing the defendant about the length of re-incarceration he might face for violations of his post-release control under former R.C. 2943.032(E).  Consistent with the holding in these cases, we determine that the trial court complied with Crim.R. 11 even though the defendant was not expressly advised of the R.C. 2943.032 nine month limitation, and therefore, Crim.R. 11 does not provide any basis for the defendant to vacate his plea.

*Id*. at ¶ 8.

**{¶ 12}** In *Williams*, 10th Dist. Franklin No. 10-AP-1135, 2011-Ohio-6231, to which the State directs our attention, in the course of the plea hearing, "the trial judge did not specifically raise the issue of post-release control." *Id*. at ¶ 37. But the plea form did address the issue with specificity, and the following exchange during the course of the plea hearing in *Williams*:

> THE COURT: Okay. Mr. Williams, have you had the opportunity to go through this plea form with your attorney?
>
> [APPELLANT]: Yes.
>
> THE COURT: Has he explained all the rights you're waiving and the possible consequences of entering the plea?
>
> [APPELLANT]: Yes.

*Id*. at ¶ 37.

**{¶ 13}** The Tenth District determined as follows:

> Based upon the information contained in the plea form, combined with the trial court's inquiry regarding whether appellant had discussed the possible consequences of the plea with his attorney, we find the trial court substantially complied with the requirement to advise appellant of the maximum penalties, including the imposition of post-release control, and the consequences of violating post-release control, as set forth in Crim.R. 11(C) and R.C. 2943.032. The totality of the circumstances here indicates that appellant knew about post-release control and the sanctions for violating post-release control. * * *

*Id.* at ¶ 39.

**{¶ 14}** Further, the Tenth District found *Williams* to be distinguishable from *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, "in that the *Sarkozy* decision does not indicate there were any references to post-release control at all during the plea colloquy, not even a plea form that set forth the applicable post-release control information, as is present in the instant case." *Id.* at ¶ 40.

**{¶ 15}** Finally, regarding prejudice, the Tenth District concluded as follows:

> * * * [A]ppellant has not asserted that prejudice resulted from the trial court's failure to engage in some verbal dialogue specifically about post-release control. Nor does appellant assert that, had he been personally informed by the trial court about post-release control, he would have withdrawn/never entered into the plea and proceeded to trial. We find the record does not demonstrate prejudice resulting from the trial court's acceptance of his guilty plea in this fashion and, therefore, we conclude the trial court substantially complied with Crim.R. 11(C) and R.C. 2943.032. * * *

*Id.* at ¶ 41.

**{¶ 16}** Having reviewed the above authorities, we conclude that the trial court did not fail to comply, rather substantially complied, with Crim.R. 11(C)(2)(a) by inquiring of Camp if he signed the plea form, reviewed it with counsel, and understood its contents. The plea form accurately indicated that Camp was subject to post-release control for a mandatory period of five years; R.C. 2967.28(A)(3) provides that " '[f]elony sex offense' means a violation of a section contained in Chapter 2907. of the Revised Code that is a felony," such as GSI, and R.C. 2967.28(B) provides that "[e]ach sentence to a prison term

for a felony of the first degree, * * * [or] for a felony sex offense, * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." We note that R.C. 2967.28(F)(4)(c) provides that multiple periods "of post-release control shall be served concurrently * * *," and Camp was subject to a mandatory five-year period of post-release control. Camp's plea form further accurately advised him that a violation of post-release control could result in a more restrictive sanction, including increased duration of supervision to a maximum term of eight years, pursuant to R.C. 2967.28(D)(3). Camp's plea form also accurately advised him that a violation of post-release control could result in imprisonment for up to nine months per violation, pursuant to R.C. 2943.032, which complements R.C. 2967.28 (F)(3), or a total of one half of his original term. Finally, tracking the language of R.C. 2929.141(A)(1), Camp's plea form advised him that if he commits a felony while on post-release control, he could receive a prison term of the greater of 12 months or the time remaining on post-release control. In response to the trial court's inquiry, Camp expressly advised the court that he understood the foregoing contents of his plea form at his plea hearing, and we conclude that the totality of the circumstances indicates that Camp knew about post-release control and the possible sanctions for violating post-release control.

{¶ 17} Significantly, Camp does not argue that he would not have entered his guilty pleas if he had been orally advised regarding post-release control or of the consequences of violating post-release control, and we conclude that he fails to demonstrate a prejudicial effect. In other words, Crim.R. 11 does not provide a basis for vacating Camp's guilty pleas. Since substantial compliance by the trial court is demonstrated, Camp's sole

assignment of error is overruled.   The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.


Copies mailed to:

Elizabeth McCormick
Adam Stout
Hon. Douglas M. Rastatter