[Cite as *State v. Thomas*, 2018-Ohio-4106.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105824**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## COREY W. THOMAS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-580602-A

**BEFORE:** Blackmon, J., McCormack, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 11, 2018

[Cite as *State v. Thomas*, **2018-Ohio-4106.**]
**APPELLANT**

Corey W. Thomas, pro se
#A684426
Richland Correctional Institution
1001 Olivesburg Road
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Mary Weston
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, J.:

{¶1} Defendant-appellant, Corey W. Thomas ("Thomas"), appeals from his conviction for rape.[1]  He assigns the following errors for our review:

I.  Thomas's conviction and sentence are void as the trial court lacked subject-matter jurisdiction.

II.  Thomas was deprived effective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution when counsel advised Thomas to plead guilty instead of advising Thomas of statute of limitations defense and failing to file a motion to dismiss based on the statute of limitations.

III.  The trial court [failed to inform] Thomas he would be waiving his federal constitutional rights by pleading guilty.

IV.  The trial court violated the due process clause to the Fourteenth Amendment to the United States Constitution by accepting Thomas's plea without informing him [that] the duration of post-release control could be up to eight years pursuant to R.C. 2967.28(d)(3).

V.  The trial court violated the due process clause to the Fourteenth Amendment to the United States Constitution by accepting Thomas's plea without informing him of the maximum penalties, to wit: the cost of confinement under R.C. 2929.18(a)(5)(ii).

VI.  The trial court violated the equal protection and due process clause to the Fourteenth Amendment to the United States Constitution failing to grant Thomas jail-time credit for the time he spent in the juvenile detention center in 1994.

{¶2} Having reviewed the record and pertinent law, we affirm Thomas's conviction, but we remand in order for the trial court to give Thomas credit for any time served in a juvenile facility in connection with this matter.   The apposite facts follow.

---

[1]Counsel was appointed for Thomas but he moved to obtain the transcripts and proceed pro se.   This court granted Thomas's motion on December 14, 2017.

{¶3} On December 6, 2013, Thomas was indicted in a two-count indictment that charged him with rape and kidnapping, with firearm specifications, and set forth the date of the offense as April 28, 1994. Thomas filed a motion to dismiss the indictment on the basis that he was a juvenile in 1994, and was held in a juvenile detention facility during a 1994 arrest in connection with this case so the general division lacked jurisdiction. In opposition, the state moved to transfer the matter to juvenile court under R.C. 2151.23(I), 2152.03 and 2152.12(J). The trial court granted the motion to transfer with the following entry:

> Thomas was born on February 20, 1977. The offenses here are claimed to have been committed on April 28, 1994, and Thomas was first arrested that day, while he was still 17. Under section 2152.03 of the Ohio Revised Code the juvenile division thus acquired jurisdiction over Thomas. When the charges resurfaced in 2013, Thomas, being over 18, could be subject to the initial jurisdiction of the general division of the common pleas court under R.C. 2152.12(J) only if he had not been arrested before age 21. Since he had been arrested at age 17, the general division did not have jurisdiction and could only get jurisdiction over the case if it were transferred here by the juvenile division under R.C. 2152.12(A) or (B). (See R.C. 2152.12(H).) Therefore, the state's June 4, 2014, motion to transfer jurisdiction to the juvenile division is granted, even in the face of the juvenile division's ability under R.C. 2152.12(B) to transfer the case right back to the general division.

{¶4} The matter was transferred to the juvenile court in October 2015, and was in turn bound over to the general division for further proceedings.

{¶5} Thomas subsequently moved to dismiss the matter for preindictment delay. Following a hearing, the trial court denied this motion, and on December

19, 2016, Thomas pled guilty to rape. The kidnapping charge and firearm specifications were dismissed. The trial court sentenced Thomas to five years of imprisonment.

## Transfer from Juvenile Court

{¶6} In his first assigned error, Thomas asserts that his conviction is void because the general division of the court of common pleas lacked jurisdiction, and the juvenile court had exclusive jurisdiction in this matter.

{¶7} Under R.C. 2152.02(C), any person who violates a federal or state law or a municipal ordinance prior to attaining 18 years of age shall be deemed a "child" irrespective of that person's age at the time the complaint with respect to that violation is filed. However,

> any person who, while under eighteen years of age, commits an act that would be a felony if committed by an adult and who is not taken into custody or apprehended for that act until after the person attains twenty-one years of age is not a child in relation to that act.

R.C. 2152.02(C)(3).

{¶8} In *State v. D.B.*, 150 Ohio St.3d 452, 2017-Ohio-6952, 82 N.E.3d 1162, the Ohio Supreme Court stated:

> Without a constitutional law authorizing a juvenile court to send juvenile cases to adult court, the courts of common pleas lack subject-matter jurisdiction over these cases. *State v. Wilson*, 73 Ohio St.3d 40, 44, 1995 Ohio 217, 652 N.E.2d 196 (1995) ("absent a proper bindover procedure * * *, the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent"); *see also* R.C. 2152.03.

(Emphasis sic.) *Id.* at ¶ 22 (O'Neill, J., dissenting.)

**{¶9}** R.C. 2152.03 in turn provides:

When a child is arrested under any charge, complaint, affidavit, or indictment for a felony or a misdemeanor, proceedings regarding the child initially shall be in the juvenile court in accordance with this chapter. ***If the child is taken before a * * * judge of a court of common pleas other than a juvenile court, the * * * judge of the court of common pleas shall transfer the case to the juvenile court***, and, upon the transfer, the proceedings shall be in accordance with this chapter. Upon the transfer, all further proceedings under the charge, complaint, information, or indictment shall be discontinued in the court of the * * * judge of the court of common pleas other than a juvenile court subject to section 2152.12 of the Revised Code. The case relating to the child then shall be within the exclusive jurisdiction of the juvenile court, subject to section 2152.12 of the Revised Code.

(Emphasis added.) *Accord* R.C. 2151.23(I) and 2152.12(J).

**{¶10}** These statutes are written in the negative and clearly state that a juvenile court is divested of jurisdiction when:

(1) the defendant must have been under eighteen years of age at the time of the offense; (2) the alleged offense would be a felony if committed by an adult; and (3) the defendant must not have been "taken into custody or apprehended" for the offense prior to turning twenty-one years of age.

*State v. Rosser*, 8th Dist. Cuyahoga No. 104624, 2017-Ohio-5572, ¶ 21; *In re H.C.*, 8th Dist. Cuyahoga No. 102601, 2015-Ohio-3676, ¶ 10. The *H.C.* court explained:

In interpreting this [language], the Ohio Supreme Court held that the touchstone of determining whether or not a juvenile court possesses jurisdiction under the provision was "the age of the offender upon apprehension."

*Id.*, quoting *State v. Walls*, 96 Ohio St.3d 437, 442, 2002-Ohio-5059, 775 N.E.2d 829; *accord Rosser.* *See also State v. West,* 8th Dist. Cuyahoga No. 95331, 2012-Ohio-3151 (where defendant allegedly committed some of the offenses before his 18th birthday, but was not apprehended until after attaining adulthood, the juvenile court lacked jurisdiction, and the case was properly tried in the common pleas court); *State v. Rickard*, 6th Dist. Erie Nos. E-16-056 and E-16-057, 2017-Ohio-8614, ¶ 21 (where the defendant was indicted for acts that occurred while he was a juvenile, and was arrested while a juvenile, but "[t]he charges were never brought before the juvenile court, and no bindover procedure occurred in compliance with R.C. 2152.12," general division was without jurisdiction).

**{¶11}** Moreover, absent a patent and unambiguous lack of jurisdiction, a court with general subject-matter jurisdiction may determine its own jurisdiction. *State ex rel. Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697, 983 N.E.2d 302, ¶ 16. *Accord State v. Lindstrom*, 8th Dist. Cuyahoga No. 96653, 2011-Ohio-6755 (general division had jurisdiction to determine whether Lindstrom was ever apprehended or taken into custody and to "transfer" matter to juvenile court after concluding that juvenile charges had been filed before indictment); *State v. Mohamed*, 178 Ohio App.3d 695, 2008-Ohio-5591, 899 N.E.2d 1071, ¶ 12 (8th Dist.) (trial court had jurisdiction to "transfer" the case to juvenile court after it determined that defendant was a juvenile at the time of the offenses).

**{¶12}** In this matter, Thomas was indicted as an adult for actions alleged to have occurred while he was a juvenile. Under R.C. 2152.03, the general division has jurisdiction unless Thomas was "taken into custody or apprehended" for the offense prior to turning 21. However, this particular fact was not patent or unambiguous from the general division record at the time of the indictment. Therefore, the general division could determine its jurisdiction over Thomas, and then ascertain that Thomas, though no longer a juvenile, had been arrested while a juvenile and held in a juvenile facility in connection with the instant case. Accordingly, the trial court properly transferred the case to the juvenile court under R.C. 2151.23(I), 2152.03 and 2152.12(J). After that, Thomas was bound over, and the matter resumed in the general division.

**{¶13}** Thomas argues that the general division was required to "dismiss" the case against him and not simply transfer it to the juvenile court, and that the state was required to re-indict him after the bindover. However, the plain language of R.C. 2152.03 states that the "*judge of the court of common pleas shall transfer the case to the juvenile court,*" and directs a "discontinu[ation]"of general division proceedings, pending any subsequent bindover. Had the General Assembly intended to require general division proceedings to be dismissed, it would have so provided, as it has elsewhere in R.C. Chapters 2151 and 2152. *Accord State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 30. Because the general division proceedings were never dismissed, the state was not required to re-indict Thomas.

**{¶14}** The first assigned error lacks merit.

## Ineffective Assistance and the Statute of Limitations

{¶15} In his second assigned error, Thomas asserts that he was deprived of the effective assistance of trial counsel when his attorney did not move to dismiss the matter under the statute of limitations.

{¶16} We review a claim of ineffective assistance of counsel under a two-part test that requires the defendant to demonstrate: (1) trial counsel's performance fell below an objective standard of reasonable representation; and (2) prejudice arose from the deficient performance. *State v. Bradley*, 42 Ohio St.3d 136, 141-143, 538 N.E.2d 373 (1989), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶17} In evaluating the alleged deficiency in counsel's representation, we note that Thomas was indicted for a 1994 rape and kidnapping. At that time, the statute of limitations was six years, pursuant to R.C. 2901.13(A). However, in 1999, the General Assembly amended R.C. 2901.13 to provide a 20-year statute of limitations for rape and for kidnapping. On July 16, 2015, the statute of limitations for rape prosecution increased from 20 years to 25 years. R.C. 2901.13(A)(4); 2015 H.B. No. 6. This increase is retroactive provided that the prosecution would not have been barred under the prior 20-year statute of limitations on July 15, 2015. R.C. 2901.13(L). Ohio appellate courts have held that application of amended R.C. 2901.13 does not violate retroactivity or ex post facto principles. *See, e.g., State v. Aubrey*, 175 Ohio App.3d 47, 2008-Ohio-125, 885 N.E.2d 251 (4th Dist.). Moreover, even assuming for the sake of argument that a superseding indictment is required, a superseding indictment brought

after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely, and the superseding indictment does not broaden or substantially amend the original. *Rosser*, 8th Dist. Cuyahoga No. 104624, 2017-Ohio-5572, at ¶ 10.

{¶18} Here, Thomas was indicted on December 6, 2013, or within 20 years of the date on which the rape and kidnapping were alleged to have occurred. Accordingly, trial counsel did not err in failing to move to dismiss on the basis of the statute of limitations. Further, absent a trial error, a claim of ineffective assistance must fail. *See State v. Henderson*, 39 Ohio St.3d 24, 528 N.E.2d 1237 (1988).

{¶19} The second assigned error is without merit.

## Guilty Plea

{¶20} In the third, fourth, and fifth assigned errors, Thomas argues that the trial court erred in accepting his guilty plea without first advising him of his "federal rights," the penalties he faced, and the imposition of "costs of incarceration."

{¶21} Under Crim.R. 11(C)(2), the trial court shall not accept a guilty plea in a felony case without personally addressing the defendant, and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶22} The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus; *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus. The constitutional rights include the rights to a jury trial, to confront witnesses, to have compulsory process to obtain witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. Crim.R. 11(C)(2)(c); *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 21.

{¶23} As to the nonconstitutional rights, substantial compliance is sufficient. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Hedenberg*, 8th Dist. Cuyahoga No. 102112, 2015-Ohio-4673, ¶ 12; *Veney* at ¶ 14. "Substantial compliance means that under the totality of the circumstances

the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.,* citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶24}** The nonconstitutional rights listed in Crim.R. 11 include the defendant's right to be informed of the "maximum penalty involved." *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 19 (8th Dist.). Postrelease control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. *State v. Griffin*, 8th Dist. Cuyahoga No. 83724, 2004-Ohio-4344, ¶ 13; *State v. Jones*, 8th Dist. Cuyahoga No. 77657, 2001 Ohio App. LEXIS 2330 (May 24, 2001).

**{¶25}** With regard to Thomas's claim that the trial court failed to advise him of his "federal rights," the court's colloquy states:

> THE COURT:   I want you to know the constitutional rights that you will be giving up if you plead guilty.   There are five of them.   As mentioned, these are all constitutional rights, so I'm not going to keep using that adjective.   First, if you plead guilty, you're giving up your right to a jury trial.   Do you understand?
>
> THOMAS: Yes.
>
> THE COURT: Second, you give up your right to require the prosecutor to produce in open court evidence that convinces a jury beyond a reasonable doubt that you are, in fact, guilty of the crimes charged in the original indictment.   Do you understand?
>
> THOMAS: Yes.
>
> THE COURT:   Third, you give up your right to confront and cross-examine witnesses, including presumably * * * [the victim], that the prosecutor must bring against you at a trial.   Do you understand?
>
> THOMAS: Yes.

.

THE COURT:    Fourth, you give up your right to compulsory process. That means your right to subpoena witnesses, to have them brought to court to testify in your favor at a trial.    Do you understand?

THOMAS: Yes.

THE COURT: Fifth, if you plead guilty, you give up your right not to be compelled to be a witness against yourself.    This is often called your Fifth Amendment right to remain silent.    Do you understand?

THOMAS: Yes.

{¶26} From the foregoing, the trial court clearly met the strict compliance standard required for informing an accused of his or her constitutional rights.

{¶27} The third assigned error lacks merit.

{¶28} Thomas next claims that the trial court failed to advise him that under R.C. 2968.28(D)(3), his term of postrelease control could be increased up to eight years.

{¶29} Postrelease control is part of the "maximum penalty involved," so the court is required to advise the defendant of postrelease control sanctions.    *State v. Perry*, 8th Dist. Cuyahoga No. 82085, 2003-Ohio-6344, ¶ 11.    This is a nonconstitutional right that is reviewed for substantial compliance.    *State v. Studgions*, 8th Dist. Cuyahoga No. 103612, 2016-Ohio-4701, ¶ 18.

{¶30} Sentences for first-degree felony sex offenses carry mandatory five-years postrelease control sanctions. R.C. 2967.28(B). Under R.C. 2929.19(B)(2)(e), the sentencing judge must notify a defendant for whom a period of postrelease control is imposed that if the defendant violates postrelease control, "the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally

imposed upon the offender." *Accord* R.C. 2967.28(D) (the period of a prison term that is imposed as a postrelease control sanction under this division shall not exceed nine months, and the maximum cumulative prison term for all violations under this division shall not exceed one-half of the stated prison term). *See also* R.C. 2943.032. The longest possible term of postrelease control is eight years. R.C. 2967.28 sets forth a maximum term of eight years of postrelease control. *State v. Carpenter*, Union C.P. No. 2013-CR-0117, 2014 Ohio Misc. LEXIS 19699.

{¶31} To substantially comply with Crim.R. 11(C)(2)(a), this court has found that the trial court must advise a defendant of any mandatory postrelease control period at the time of the defendant's plea. *State v. Bell*, 8th Dist. Cuyahoga No. 96446, 2011-Ohio-5667, ¶ 10, citing *State v. Conrad*, 8th Dist. Cuyahoga No. 88934, 2007-Ohio-5717. In *Bell*, the defendant argued that his guilty plea was defective because the court failed to advise him of the maximum penalty by not advising him of: (1) every possible penalty for various felony levels of escape; (2) that his duration of postrelease control could be extended to eight years; and (3) that he was not permitted to leave the state without permission while on postrelease control. This court noted that the trial court advised Bell of the period of postrelease control, that he could be subject to an additional prison sentence if he violates the conditions of the Adult Parole Authority, and that if he committed a felony while on postrelease control, he could be subject to punishment for the new offense. *Id*. at ¶ 12. This court found substantial compliance with the requirements of Crim.R. 11(C)(2)(a) and R.C. 2943.032 and stated:

"[T]he General Assembly apparently decided it would be cumbersome to require the courts to advise an offender of every possible option that might occur in the event of a violation of postrelease control." *State v. Zganjer*, Cuyahoga App. No. 94724, 2011 Ohio 606, ¶ 3. "Instead of forcing the sentencing court to delve into the myriad of possibilities that could arise in the event of a future violation of postrelease control, the statute only requires the court to advise an offender of the maximum sanction that can be imposed in the event of a violation of postrelease control." *Id.*

*Id.* at ¶ 10. *Accord State v. Camp*, 2d Dist. Clark No. 2017-CA-73, 2018-Ohio-2964.

**{¶32}** In this matter, the trial court informed Thomas that his sentence would include mandatory five-year postrelease control. The court also stated as follows:

THE COURT: Now, when you get out of prison, Mr. Thomas, you will be required to serve five years of post-release control. * * * [F]ive years Mr. Thomas — you need to report to that officer on a regular basis. If you fail to do so, then the parole officer may have you charged with a new crime called escape. During the period of PRC, you must follow whatever restrictions the parole officer places on your conduct; not only restrictions, but requirements and obligations as well. If during that period of PRC you fail to abide by the conditions placed upon your conduct by the parole officer, then he or she may return you to prison, without bringing you to court, for up to one-half of your original sentence, depending on how many violations you commit and what they are. Finally, I want you to know that if you're on post-release control and you then commit a new felony, when you are sentenced for the new felony you can get an extra prison term equal to

the greater of one year or the number of years you then have left on post-release control.

{¶33} From the foregoing, we conclude that the trial court substantially complied with its duty of informing Thomas of postrelease control. *Id.*

{¶34} The fourth assigned error lacks merit.

{¶35} With respect to Thomas's claim that the court failed to advise him that he would have to pay the "costs of confinement," we note that "costs of confinement" are included within R.C. 2929.18 among the financial sanctions that a court may impose, in addition to court costs ordered pursuant to R.C. 2947.23. Under R.C. 2929.18(A)(5)(ii), financial sanctions that a court may impose include:

> (ii) All or part of the costs of confinement under a sanction imposed pursuant to section 2929.14, 2929.142, or 2929.16 of the Revised Code, provided that the amount of reimbursement ordered under this division shall not exceed the total amount of reimbursement the offender is able to pay as determined at a hearing and shall not exceed the actual cost of the confinement[.]

{¶36} In *State v. Stowes*, 8th Dist. Cuyahoga No. 98774, 2013-Ohio-2996, the defendant complained that the trial court failed to inform him prior to his guilty plea that he "could be ordered to reimburse the state for the cost of confinement." This court held that "court costs are not part of the penalty, and they are, therefore, not constitutional rights." *Id.* at ¶ 12. This court additionally held that the trial court substantially complied

with Crim.R. 11 where it informed Stowes that "[i]f you plead guilty, you might also have to pay court costs[.]"

{¶37} In this matter, the court imposed "costs of prosecution" under R.C. 2947.23, but did not impose "costs of confinement" under R.C. 2929.18. Further, prior to accepting the guilty plea, the trial court stated:

> THE COURT: [I]f you plead guilty, you will have to pay court costs that I estimate to be around four or $500, and that's only a guess. It could be a little more or a little less.

{¶38} We conclude that the trial court substantially complied with its duties under Crim.R. 11(C).

{¶39} The fifth assigned error lacks merit.

### Juvenile Detention Center Credit Toward Sentence

{¶40} In his sixth assigned error, Thomas argues that the trial court failed to give him credit for time served in the juvenile detention center in connection with this matter.

{¶41} R.C. 2967.191 provides that a prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." Time spent in confinement includes time spent in a juvenile facility. *Id.*

{¶42} In this matter, the record indicates that " Thomas was first arrested [in 1994 in connection with this matter] while he was still 17." However, the trial court did not order any jail-time credit for any 1994 confinement, and instead ordered:

> Defendant to receive jail time credit for 138 day(s), to date. (Jail credit dates: March 7 through 21, 2014; August 8 through 18, 2016; and August 30 through December 19, 2016.)

{¶43} The record reflects that Thomas did not object to the allocation of credit at the time of sentencing or file a motion for jail-time credit. In this appeal, he does raise that 1994 confinement. We consequently review that issue under plain error. *State v. Lowe*, 8th Dist. Cuyahoga No. 99176, 2013-Ohio-3913, ¶ 22, citing *State v. Harris*, 7th Dist. Mahoning No. 11 MA 184, 2012-Ohio-5612, ¶ 26. An error not brought to the trial court's attention will constitute plain error when it affects a substantial right. Crim. R. 52(B). A trial court commits plain error when it fails to include the appropriate amount of jail-time credit in the sentencing entry. *State v. Miller*, 8th Dist. Cuyahoga No. 84540, 2005-Ohio-1300, ¶ 10; *State v. Curtis*, 3d Dist. Allen No. 1-15-55, 2016-Ohio-6978, ¶ 84.

{¶44} We find plain error herein. Thomas was first arrested in 1994 "while he was still 17," but the sentencing order gives Thomas credit only for incarceration dates from 2014 and 2016. Accordingly, the sixth assigned error is well taken.[2]

{¶45} Thomas's conviction is affirmed, but we remand the case to the trial court to grant Thomas credit, pursuant to R.C. 2967.191, for any time served in a detention facility in connection with this matter.

{¶46} Judgment is affirmed and remanded for further proceedings.

---

[2]We additionally note that Thomas has also raised this issue in a petition for postconviction relief. In that forum, the trial court rejected the claim. The court noted that Thomas should raise this claim in the instant appeal, and that it is incumbent upon Thomas to demonstrate the number of days he spent in juvenile confinement, but he had not done so in his petition for postconviction relief.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

[Cite as *State v. Thomas*, 2018-Ohio-4106.]

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____

__
PATRICIA ANN BLACKMON, JUDGE

TIM McCORMACK, P.J., and
MELODY J. STEWART, J., CONCUR