[Cite as *State v. E.B.*, 2025-Ohio-5142.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                     :

      Plaintiff-Appellee,           :                Nos. 114897, 114898, and 114900

      v.                                         :

E.B.,                                               :

      Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 13, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-24-694745-A, CR-24-694695-A, and CR-24-695810-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Ochocki, Assistant Prosecuting Attorney, *for appellee*.

Elizabeth Miller, Ohio Public Defender, and Lauren Hammersmith, Assistant State Public Defender, *for appellant*.

WILLIAM A. KLATT, J.:

{¶ 1} Defendant-appellant E.B. appeals from his criminal sentencing in adult court in violation of R.C. 2152.121. The State concedes this error. For the following reasons, we reverse and remand.

**Factual and Procedural History**

{¶ 2} The instant appeal arises from multiple juvenile court cases. On January 17, 2024, in Cuyahoga J.C. No. DL-24-100365, the State of Ohio filed a complaint in the Juvenile Division of the Cuyahoga County Court of Common Pleas. The complaint alleged that E.B. had committed offenses that, if committed by an adult, would constitute aggravated robbery in violation of R.C. 2911.01, robbery in violation of R.C. 2911.02, grand theft in violation of R.C. 2913.02, breaking and entering in violation of R.C. 2911.13, and obstructing official business in violation of R.C. 2921.31. The aggravated robbery and robbery charges carried firearm specifications.

{¶ 3} Pursuant to R.C. 2152.12(A)(1)(a) and 2152.10(A)(1)(a), the aggravated robbery charge was subject to mandatory transfer to adult court. Therefore, after finding probable cause, the juvenile court transferred the case to the general division for prosecution.

{¶ 4} On May 7, 2024, in Cuyahoga J.C. No. DL-24-105026, the State of Ohio filed a complaint in the Juvenile Division of the Cuyahoga County Court of Common Pleas. This complaint alleged that E.B. committed additional offenses of aggravated robbery, robbery, grand theft, and breaking and entering. The aggravated robbery charge was subject to mandatory transfer to adult court, and therefore, after finding probable cause, the juvenile court transferred this case to the general division for prosecution. The offenses in both cases took place when E.B. was 17 years old.

**{¶ 5}** On August 27, 2024, in adult court, the grand jury in both cases returned indictments that mirrored the juvenile complaints. Cuyahoga J.C. No. DL-24-100365 became Cuyahoga C.P. No. CR-24-694695-A. Cuyahoga J.C. No. DL-24-105026 became Cuyahoga C.P. No. CR-24-694745-A.

**{¶ 6}** On October 9, 2024, a grand jury indicted E.B. on two counts of receiving stolen property in violation of R.C. 2913.51(A), one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2), and one count of improperly handing firearms in a motor vehicle in Cuyahoga C.P. No. CR-24-695810-A. The alleged offenses in this case took place after E.B. turned 18, and therefore, E.B. was directly indicted in the General Division.

**{¶ 7}** On January 14, 2025, the court held a change-of-plea hearing in which E.B. entered the following pleas to resolve all three cases. In Cuyahoga C.P. No. CR-24-694695-A, E.B. pled guilty to one count of robbery in violation of R.C. 2911.02, a second-degree felony. In Cuyahoga C.P. No. CR-24-694745-A, E.B. also pled guilty to one count of robbery in violation of R.C. 2911.02, a second-degree felony. Both counts carried three-year firearm specifications. In Cuyahoga C.P. No. CR-24-695810-A, E.B. pled guilty to one count of receiving stolen property in violation of R.C. 2913.51(A), a fourth-degree felony. The remaining counts and specifications in all three cases were nolled.

**{¶ 8}** On February 6, 2025, the court sentenced E.B. to two to three years on each of the robbery offenses and 18 months on the receiving stolen property offense, to be served concurrently, and three years on each of the firearm

specifications, to be served consecutively to each other and to the sentences in the underlying offenses.  The total aggregate sentence was eight to nine years.

{¶ 9} E.B. appeals, raising the following assignments of error for our review:

I. The Cuyahoga Court of Common Pleas erred as a matter of law when it failed to sentence E.B. in accordance with R.C. 2152.121.

II. E.B. was denied the effective assistance of counsel.

Although E.B. filed a notice of appeal in all three cases, none of his arguments pertain to his conviction or sentence in Cuyahoga C.P. No. CR-24-695810-A.

**Law and Analysis**

**I. R.C. 2152.121 – Reverse Bindover**

{¶ 10} In his first assignment of error, E.B. argues that the trial court erred when it failed to sentence him in accordance with R.C. 2152.121.  Specifically, E.B. argues that his convictions for nonmandatory transfer offenses triggered the reverse bindover provision in R.C. 2152.121 and the trial court was therefore required to remand his case to the juvenile court.  The State concedes that the trial court erred with respect to Cuyahoga C.P. No. CR-24-694695-A and Cuyahoga C.P. No. CR-24-694745-A.

{¶ 11} This court has consistently held that a trial court's failure to follow R.C. 2152.121 is plain error.  *State v. Abrams*, 2020-Ohio-2729, ¶ 6 (8th Dist.), citing *State v. Murphy*, 2012-Ohio-2924, ¶ 16 (8th Dist.).

{¶ 12} In some cases, the juvenile court has no discretion to determine which children can benefit from its rehabilitative services.  *Id.* at ¶ 7, citing R.C. 2152.10(A)

and 2152.12(A). The bindover statutes require the juvenile court to transfer jurisdiction if there is probable cause to believe that a 16- or 17-year-old child has committed a certain type of offense. *Id.* After transfer and through the adversarial process, the juvenile may be convicted of a lesser offense such that the juvenile court would have retain jurisdiction of the juvenile, but for the initial mandatory transfer. *Id.*, citing R.C. 2152.12(A) and (B).

{¶ 13} In 2011, the Ohio legislature created reverse bindover when it enacted R.C. 2152.121. Subsection (B)(3) of this statute instructs courts:

> (B) If a complaint is filed against a child alleging that the child is a delinquent child, if the case is transferred pursuant to division (A)(1)(a)(i)...of section 2152.12 of the Revised Code, and if the child subsequently is convicted of or pleads guilty to an offense in that case, the sentence to be imposed or disposition to be made of the child shall be determined as follows:

> (3) If the court in which the child is convicted of or pleads guilty to the offense determines under (B)(1) of this section that, had a complaint been filed in juvenile court alleging that the child was a delinquent child for committing an act that would be that offense if committed by an adult, division (A) of section 2152.12 of the Revised Code would not have required mandatory transfer of the case but division (B) of that section would have allowed discretionary transfer of the case, the court shall determine the sentence it believes should be imposed upon the child under Chapter 2929 of the Revised Code, shall impose that sentence upon the child, and shall stay that sentence pending completion of the procedures specified in this division.

{¶ 14} Thus, pursuant to the process laid out above, at the criminal sentencing hearing, "the trial court must consider and compare how a juvenile's case was transferred to its jurisdiction, and the resulting offense of conviction before the court." *Abrams* at ¶ 9. "'In other words, the trial court must determine what the juvenile court would have been required to do with the case if the juvenile had been

charged with only those offenses for which convictions were obtained.'" *Id.*, quoting *State v. D.B.*, 2017-Ohio-6952, ¶ 12. If the resulting offense would have allowed for discretionary transfer instead of mandatory transfer, the trial court "must impose a sentence, stay the sentence, and return the case to juvenile court." *Id.* This reverse bindover process ensures that the juvenile court is afforded full discretion to determine those children that will benefit from rehabilitative measures, even if the juvenile court was not initially afforded that discretion. *Id.*

{¶ 15} Here, both Cuyahoga C.P. No. CR-24-694695-A and Cuyahoga C.P. No. CR-24-694745-A originated in the juvenile court and were properly transferred to adult court because the complaints included offenses subject to mandatory transfer — aggravated robbery with attendant firearm specifications. In adult court, however, both cases were resolved when E.B. pled guilty to offenses that would not have required mandatory transfer, thus triggering the reverse bindover procedures in R.C. 2152.121.

{¶ 16} The trial court's failure to follow the procedures laid out in R.C. 2152.121 with respect to Cuyahoga C.P. No. CR-24-694695-A and Cuyahoga C.P. No. CR-24-694745-A constituted plain error. Therefore, E.B.'s first assignment of error is sustained as to these cases.[1]

---

[1] E.B. does not extend his argument to Cuyahoga C.P. No. CR-24-695810-A. Because this case arose from offenses committed when E.B. was 18 years old, it originated in adult court, and therefore the reverse bindover procedures outlined in R.C. 2152.121 do not apply.

{¶ 17} In E.B.'s second assignment of error, E.B. argues that he received ineffective assistance of counsel when his counsel failed to raise the issue of reverse bindover at his sentencing hearing.

{¶ 18} To establish ineffective assistance of counsel, E.B. must demonstrate that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 2009-Ohio-2961, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The failure to prove either prong of this two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 2000-Ohio-448, ¶ 49, citing *Strickland* at 697.

{¶ 19} E.B.'s counsel did not raise R.C. 2152.121 at his plea hearing or at sentencing. Therefore, because of his counsel's failure to raise the issue, E.B. has had his sentence imposed and is serving that sentence in an adult prison instead of having his case remanded to juvenile court where counsel could have argued that he was amenable to rehabilitation within the juvenile system. E.B.'s counsel "should have known about R.C. 2152.121, which went into effect in 2011." *Abrams* at ¶ 17. Because E.B. was prejudiced by his counsel's deficient performance, his second assignment of error is sustained.

{¶ 20} Judgment reversed, and the case is remanded for the trial court to stay E.B.'s sentence and remand Cuyahoga C.P. No. CR-24-694695-A and Cuyahoga C.P. No. CR-24-694745-A to the juvenile court for further proceedings in accordance with R.C. 2152.121.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)